SAMUEL C. COBB *vs.* JAMES W. RICE & others.

Suffolk. November 13, 1879. MORTON & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 113, § 8, an appeal claimed from the final decree of a single justice of this court in equity, and entered upon the docket for the county, is at once pending before the full court, and should be entered by the clerk upon its docket; and if the appellant omits seasonably to furnish the proper copies, the appellee may have the decree affirmed, not by petition for neglect to enter the appeal in the full court, but by motion for failure to prosecute the appeal.

BILL OF INTERPLEADER, heard on the pleadings and proofs before *Colt*, J., who on February 8, 1879, made a final decree, from which on February 13 two of the defendants claimed an appeal, and their appeal was entered on the docket of this court for the county.

On November 12, 1879, the other defendants presented a petition to the full court, reciting the decree, and the claim and entry of the appeal as aforesaid, " and now, said appeal not having been entered in this court, nor any other or further action having been taken in said cause by said appellants," praying that the appeal be dismissed and the decree affirmed.

*J. H. Benton, Jr.*, for the petitioners.

*B. F. Butler*, for the appellants.

GRAY, C. J. Questions of law, arising on the common law side of this court when held by one justice, or in the Superior

Court, and reserved by bill of exceptions or by report of the judge, as well as those presented by appeal from a judgment of the Superior Court, are required by statute to be entered by the party in the law docket of this court, in order to give the full court jurisdiction thereof; and such entry does not transfer the case, but only the question of law to be determined. Gen. Sts. *c.* 112, §§ 10, 11; *c.* 114, § 14; *c.* 115, § 12. St. 1864, *c.* 111. If the appellant or excepting party does not seasonably so enter the question in this court, provision is made for entering it afterwards upon his petition, or for affirming the judgment below on complaint of the adverse party. Gen. Sts. *c.* 112, §§ 16, 17.

But when an appeal is claimed from a final decree of a single justice of this court sitting in equity, and entered on the docket of the court for the county in which the cause is pending, it, is declared that "such appeal shall be thereupon pending before the full court;" it is to be entered upon a separate docket from that of actions at law; and the full court, if the evidence is duly reported, may consider the whole cause, and, in special cases, allow further evidence to be taken, and may, in case of reversing the final decree, remand the cause to a single justice for further proceedings. Gen. Sts. *c.* 113, §§ 8–10, 14, 15, 21. When a party, by accident or mistake, "omits to claim an appeal" from a final decree within thirty days, he may, by petition to the full court, obtain leave to appeal. § 13. But no provision is made, either for a petition of the appellant, or for a complaint of the adverse party, in case of omission to enter the appeal in the full court; because, as soon as the appeal is claimed and entered before a single justice, the cause is at once pending before the full court, and may be dealt with on motion.

Immediately upon the entry of the claim of an appeal from a final decree of a single justice in equity, it is therefore the duty of the clerk to enter the cause upon the equity docket of the full court; and if the appellant neglects to order the proper copies to be prepared for the hearing of the cause before the full court, the remedy of the adverse party is not to be sought by complaint or petition to affirm the decree, for non-entry of the appeal; but by motion to have the appeal dismissed, and the decree affirmed, for failure duly to prosecute the appeal.

It appearing, by the uncontroverted statements of counsel, that the appellants intend to prosecute their appeal, and that it is by mistake that the proper copies have not been prepared, it is ordered that the petition of the appellees be dismissed, and that, upon copies being furnished to the judges, the

*Appeal stand for hearing.*