PRISCILLA M. GRAY *vs.* ALEXANDER F. GRAY.

Bristol. October 22, 1889. — October 23, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Practice — Probate Appeal — Full Court.*

An appeal in a probate matter from the final decree of a single justice of this court is thereupon pending before the full court, which, upon a waiver of the appeal, will affirm such decree.

APPEAL from a decree of the Probate Court recommitting the report of commissioners to receive and examine claims against the insolvent estate of a deceased person. *Holmes*, J., affirmed the decree, and an appeal was taken to the full court. Subse-

quently the appellant waived his appeal, and the appellee filed a motion to the full court that the decree appealed from be affirmed.

*C. A. Reed*, for the appellee.

No counsel appeared for the appellant.

BY THE COURT. The Pub. Sts. c. 151, § 13, provide that an appeal from a single justice of this court in equity "shall thereupon be pending before the full court, who shall hear and determine the same." Appeals from the Probate Court to the Supreme Judicial Court are to be entered on the same docket, and are to have the same rights as to hearing and determination, as cases in equity. Pub. Sts. c. 156, § 11. An appeal from a single justice of this court upon a decree rendered in a probate matter must have the same effect as an appeal from a decree in a suit in equity, and by the force of the appeal is to be treated according to the statute as pending in the full court.

The St. of 1888, c. 94, altering the Pub. Sts. c. 150, § 16, so as to provide that, upon the non-entry of an appeal or of exceptions in this court, application for an affirmance of judgment, etc., may be made to the court allowing the exceptions or from which the appeal was taken, does not affect appeals of this character.

The appellant having waived his appeal from the decree of the single justice, that decree will be affirmed here, and the case remanded to the Probate Court.                     *Decree affirmed.*