## SUSAN A. INGALLS *vs.* SETH H. INGALLS.

Bristol. October 23, 1889. — October 24, 1889.

Present: DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Practice — Divorce — Non-entry of Exceptions.*

If, upon granting a decree for divorce and alimony, the Superior Court allows a bill of exceptions, which the excepting party fails to enter in this court, an application for an affirmance of the decree should be addressed to the Superior Court.

LIBEL for divorce. The Superior Court made a decree *nisi* of divorce and alimony for the libellant, and the libellee alleged exceptions, which were duly allowed, but neglected to enter them in this court. The libellant filed a complaint to the full court, alleging the above facts, and praying that the decree might be affirmed.

*T. M. Stetson*, for the libellant.

No counsel appeared for the libellee.

BY THE COURT. The St. of 1888, c. 94, amends the Pub. Sts. c. 150, § 16, by providing that, when a party who has appealed, or whose exceptions have been allowed, neglects to enter such appeal or exceptions in this court, the court in which the exceptions were allowed, or from which the appeal was taken, "may upon the application of the adverse party, upon due notice to all parties interested, order the judgment, opinion, ruling, or order affirmed." This statute was intended to obviate the necessity of applying by complaint to the Supreme Judicial Court for the affirmation of the original judgment, opinion, ruling, or order, and to substitute as the appropriate tribunal for affirming such order, etc., when the appeal or exceptions had not been entered, the court where such order, etc., had originally been made. While the word "may" is used in the statute of 1888, it was not intended by this use to leave the right to apply to this court for affirmation as it had before existed, and thus to make the remedy provided merely cumulative.

The Pub. Sts. c. 146, § 33, which provide that this court may hear and determine cases of divorce, etc., "according to the course of proceeding in ecclesiastical courts and in courts of equity," (certainly since the statute of 1887 transferring exclusive original jurisdiction in divorce cases to the Superior Court,) do not by force of the Pub. Sts. c. 151, § 13, cause an appeal or exceptions in such a case to "thereupon be pending before the full court," and are not therefore applicable.

The libellee having waived her exceptions, the application of the libellant should therefore be made to the Superior Court.

*Application refused.*