ANDREAS ERLUND *vs.* JEROME F. MANNING & trustees.

Suffolk. January 12, 1894. — January 22, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Neglect to enter Exception on Docket of Full Court — Order of Affirmance of Ruling excepted to — Application and Signature by Attorney — Notice to Trustees — Clerical Error.*

If a party who has taken an exception which has been allowed by a justice of this court, neglects to enter the same on the docket of the full court, an order of affirmance of the rulings excepted to may be passed by a justice of this court, under St. 1888, c. 94.

The application for an order of affirmance under St. 1888, c. 94, may be made and signed by attorney.

Notice of an application for an order of affirmance under St. 1888, c. 94, need not be given to persons summoned as trustees of the defendant.

An order of affirmance under St. 1888, c. 94, of a finding in favor of a plaintiff will

not be rendered invalid by the fact that the application contained a clerical error in saying that the defendant made it, if it appears from the whole application that it was made by and in behalf of the plaintiff, and it was so treated by the justice who acted upon it, attention not being called to the error.

CONTRACT, to recover for services rendered. At the trial in this court, without a jury, before *Knowlton,* J., the finding was for the plaintiff, and the defendant alleged exceptions, which were allowed, but which he neglected to enter upon the docket of the full court. The plaintiff thereupon filed the following application in the court, held by a single justice : " Motion for judgment. Now in the above entitled action defendant comes and moves that the finding in said case may be affirmed, and judgment entered for the amount found due to the plaintiff. By his attorney, Charles P. Searle, attorney for plaintiff." The following order was passed : " On the application of the plaintiff, it is ordered that the rulings and orders of the court to which exceptions were taken and allowed be affirmed ; it appearing that the defendant who took the exceptions has neglected to enter them in the Supreme Judicial Court." The defendant contended that the court held by a single justice could not legally pass the order, and excepted to it. The court found that due notice of the application had been given. The defendant contended, in argument, that no notice had been given to the persons summoned as trustees ; but whether this had been done or not did not distinctly appear.

*J. F. Manning, pro se.*

No counsel appeared for the plaintiff.

ALLEN, J. The principal question raised by the exceptions is whether the order of affirmance could legally be passed by a single justice, or whether it could only be done by the full court. An appeal from a decree of a single justice in a suit in equity, if not prosecuted or entered, can only be affirmed by the full court, because by statute, if such appeal is taken, "all proceedings under such decree shall be stayed, and such appeal shall thereupon be pending before the full court, who shall hear and determine the same, and affirm, reverse, or modify the decree appealed from, as circumstances may require." Pub. Sts. c. 151, § 13. Appeals in probate cases stand on the same footing. Pub. Sts. c. 156, § 11. *Gray* v. *Gray,* 150 Mass. 56. But exceptions and

other cases of appeals fall under St. 1888, c. 94, amending Pub. Sts. c. 150, § 16, and the order of affirmance may be made by the court in which the appeal was taken or the exceptions allowed. It is contended that the language of this statute shows that it is only applicable to cases coming from the Superior Court. We think, however, that it applies as well to cases heard or tried before a single justice of this court as to cases coming from the Superior Court. Exceptions which have been allowed in either court can only be entered in the full court, and when the statute speaks of a neglect to enter the question in the Supreme Judicial Court, it means a neglect to enter the same upon the docket of the full court, where alone it is cognizable. *Ingalls* v. *Ingalls*, 150 Mass. 57.

The plaintiff's application for affirmance might be made and signed by attorney.

It is established by the finding of the justice, that due notice of the application was given to the defendant. It was not necessary under St. 1888, c. 94, to give notice to the persons summoned as trustees.

The defendant makes certain objections founded on Pub. Sts. c. 153, § 12, but they have no relevancy to the question before us.

The objection that the application for affirmation was on its face an application by the defendant, cannot avail. The error was obvious, and would no doubt have been corrected if attention had been called to it at the hearing before the single justice. So far as appears, the objection on this ground was not then taken. The application was in the interest of the plaintiff, it prayed to have judgment entered for the plaintiff, it was signed by the attorney for the plaintiff who was described as such, and in the order of affirmance it was recited to be an application of the plaintiff.

None of the objections being valid, the entry must be,

*Exceptions overruled.*