SAMANTHA M. BURLINGAME *vs.* ROBERT A. BARTLETT
& others.

Hampden.     May 18, 1894. — June 22, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Equity — Appeal — Statute — Entry Fee.*

The plaintiff filed a bill in equity in the Superior Court, to which the defendant demurred, and on November 9, 1893, the demurrer was sustained, and the bill dismissed with costs, and the plaintiff appealed; all of which appeared in the docket entries of the Superior Court. The plaintiff did not enter the appeal in the Supreme Judicial Court, whereupon, on April 2, 1894, the defendant applied to the Superior Court for an execution for costs. The plaintiff thereupon filed his petition in the Supreme Judicial Court for leave to enter his appeal under Pub. Sts. c. 150, § 17. *Held*, that, although appeals in equity must, under Pub. Sts. c. 151, § 13, be taken within thirty days after the decree, there is no provision that such appeals must be entered in the Supreme Judicial Court within the thirty days; that in the present case there must be some formal act of entry of the appeal on the docket of the Supreme Judicial Court to entitle the plain-

tiff to prosecute his appeal in that court; and that under the circumstances he should be permitted to enter his appeal on the docket of the Supreme Judicial Court.

The entry of an appeal in the Supreme Judicial Court from a final decree entered in the Superior Court dismissing a suit in equity, is the entry of a suit within the meaning of St. 1891, c. 87, § 1, and a party may enter his appeal on procuring the proper papers and paying to the clerk an entry fee of three dollars, as required by the statute.

FIELD, C. J.  The plaintiff filed a bill in equity in the Superior Court for the County of Hampden, to which the defendants demurred; the bill was afterwards amended, and the defendants demurred to the bill as amended, and on November 9, 1893, the demurrer was sustained, and the bill as amended was dismissed with costs, and on the same day the plaintiff appealed; all of which appears in the docket entries of the Superior Court.  The plaintiff did not enter this appeal in the Supreme Judicial Court, whereupon, on April 2, 1894, the defendants made application to the Superior Court for an execution for costs.  The plaintiff thereupon filed her petition in the Supreme Judicial Court for leave to enter her appeal under Pub. Sts. c. 150, § 17.

Pub. Sts. c. 150, §§ 9, 16, 17, certainly imply that appeals or exceptions shall be entered in the Supreme Judicial Court, but it is argued that these sections relate only to appeals and exceptions in actions at law.  See Pub. Sts. c. 152, §§ 10, 12, 16. Section 16 of Pub. Sts. c. 150, was amended by St. 1888, c. 94.

Appeals from a final decree in equity are regulated by Pub. Sts. c. 151, § 13, and this section was made to apply to appeals from final decrees in equity in the Superior Court after that court was given jurisdiction in equity.  St. 1883, c. 223, § 2. Section 15 of Pub. Sts. c. 153, is as follows: " Copies and papers relating to a question of law arising in either court upon appeal, by bill of exception, reserved case, or otherwise, shall be prepared by the clerk of the court, and shall thereupon be transmitted to and entered in the law docket of the Supreme Judicial Court for the proper county as soon as may be after such question of law is reserved and duly made a matter of record in the court where the action is pending; but the entry thereof shall not transfer the case, but only the question to be determined."

A distinction between appeals in equity, and appeals and exceptions in actions at law, under St. 1888, c. 94, was taken in

*Gray* v. *Gray*, 150 Mass. 56, and *Ingalls* v. *Ingalls*, 150 Mass.
57.   Appeals in equity must be claimed within thirty days after
the entry of the decree, and such a claim must be entered on the
clerk's docket, which must mean the clerk's docket where the
appeal is claimed; Pub. Sts. c. 151, § 13; and it is provided in
this section that "thereupon all proceedings under such decree
shall be stayed, and such appeal shall thereupon be pending be-
fore the full court, who shall hear and determine the same, and
affirm, reverse, or modify the decree appealed from, as circum-
stances may require.   On the reversal of a final decree, the court
may remand the cause, with such directions as are necessary and
proper, to a single justice, further to proceed therein, or may
refer it to a master, or take such other order respecting future
proceedings therein as equity requires, and as shall be most con-
ducive to the just and speedy determination of the case."
Section 14 of the same chapter is as follows: "The clerk of
the court for the Commonwealth shall enter appeals in equity
and probate matters on a separate docket."   See §§ 15, 16;
Pub. Sts. c. 154, § 39; c. 156, §§ 7–10; c. 159, §§ 3, 4.

In the removal of a suit from one court to another an entry of
the papers is generally required in the court to which the suit
is removed.   Pub. Sts. c. 152, § 7; c. 154, §§ 40, 41; c. 161,
§ 12; c. 178, § 46.   See St. 1883, c. 223, § 8.   From the nature
of an appeal from one court to another, whether the appeal car-
ries the whole case to the appellate court or only certain ques-
tions in the case, we think that there must be something in the
nature of an entry of the case, or of the questions, in the appel-
late court.   In the present case the Supreme Judicial Court for
the County of Hampden could not know that an appeal had been
taken unless there was an entry on the docket of that court, and
an entry on the docket of the Superior Court that an appeal was
claimed was not equivalent to an entry on the docket of the
Supreme Judicial Court.   The need of such an entry on the
clerk's docket of the Supreme Judicial Court for the Common-
wealth, when the appeal is to that court, is apparent.   Pub. Sts.
c. 150, § 30; c. 153, § 16.

Although appeals in equity must be taken within thirty days
after the decree, there is no provision that such appeals must be
entered in the Supreme Judicial Court within the thirty days.

The only statutory provision on this subject is Pub. Sts. c. 153, § 15, and we think that this section must be held to apply to appeals and exceptions in equity as well as in actions at law. The papers are to be " transmitted to and entered in the law docket of the Supreme Judicial Court for the proper county as soon as may be after such question of law is reserved and duly made a matter of record in the court where the action is pending." The statutes from which this section was taken have been construed in *Priest* v. *Groton*, 103 Mass. 530, and *Bentley* v. *Ward*, 116 Mass. 333.

We are of opinion that, when an appeal is taken in equity from a decree of the Superior Court, there must be some formal act of entry of the appeal on the docket of the Supreme Judicial Court in order to entitle the plaintiff to prosecute her appeal in that court, that in the present case this was not done through a misapprehension of the law, and that the plaintiff should now be permitted to enter her appeal on the docket of the Supreme Judicial Court for the County of Hampden.

The remaining question is whether she should be required to pay an entry fee of three dollars. The practice in the different counties has not been uniform. The practice in the Supreme Judicial Court for the Commonwealth has been that an entry fee of one dollar and a half has been exacted upon the entry of all appeals or exceptions at law or in equity. Pub. Sts. c. 159, §§ 3, 4. The fees of clerks of courts under Pub. Sts. c. 199, § 4, were, " For the entry of an action, complaint, or petition in a civil suit or proceeding in court, one dollar," etc. St. 1888, c. 257, provided that clerks of courts should receive salaries which should be in full compensation for all their services, and the third section provided that " there shall be paid to the clerk upon the entry of every suit in the Supreme Judicial and Superior Courts . . . the sum of three dollars," etc. See St. 1890, c. 360. These statutes were repealed by St. 1891, c. 87, which is now in force. The first section of this statute provides: " There shall be paid to the clerk upon the entry of every suit, action, libel for divorce, or petition in the Supreme Judicial and Superior Courts . . . the sum of three dollars, . . . and no suit, action, libel for divorce, or petition shall be entered or filed by the clerk until said fee is paid." The question is whether

the entry of an appeal in the Supreme Judicial Court from a final decree entered in the Superior Court dismissing a suit in equity, is the entry of a suit within the meaning of this statute. The language of all the statutes on the subject is by no means plain, but in view of the practice heretofore generally prevailing the court are of opinion that it should be regarded as the entry of a suit. The result is, that the plaintiff has leave to enter her appeal on procuring the proper papers and paying to the clerk an entry fee of three dollars.                *So ordered.*

  *J. Bliss*, for the defendants.

  *E. H. Lathrop*, for the plaintiff.