HATTIE M. GREENIA *vs.* FRANK R. GREENIA.

Franklin.    September 27, 1910. — October 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Marriage and Divorce,* Appeal, Nature of proceedings.    *Superior Court.*

An appeal from a decree dismissing a libel for divorce must be taken within twenty
days under the requirement of Rule 44 of the Superior Court, which fixes that
limit in cases " for which no time is fixed by statute."

A libel for a divorce is not a suit in equity, and the provision of R. L. c. 159, § 19,
which allows thirty days after the entry of a final decree in a suit in equity for
taking an appeal, has no application to such a libel.

The provision of R. L. c. 152, § 29, that "the Superior Court may, if the course
of proceeding is not specially prescribed, hear and determine all matters coming
within the purview of this chapter [relating to divorce] according to the course
of proceeding in ecclesiastical courts or in courts of equity, and may issue pro-
cess of attachment and of execution and all other proper and necessary pro-
cesses," merely authorizes methods of hearing and determining divorce cases
and the issuing of process in a way adapted to the nature of the proceeding,
and does not make libels for divorce suits in equity.

KNOWLTON, C. J.    This is an appeal from a decree of the
Superior Court * dismissing a libel for divorce and revoking a
previous decree for alimony.    The appeal was not taken until
twenty-one days after the entry of the decree.

By Rule 44 of the Superior Court it is provided that, "in cases
where a question may be taken to the Supreme Judicial Court
by appeal, for which no time is fixed by statute, the appeal shall
be taken by a claim therefor in writing filed in the case within
twenty days after the order or ruling is made from which the
appeal is claimed."    This case is not one of those in which thirty
days is allowed for taking the appeal by the R. L. c. 173, § 96.

It is contended that it is within the R. L. c. 159, § 19, which
allows thirty days after the entry of the final decree in a suit in
equity in which to take an appeal.    But this section applies
only to appeals in suits in equity.    A libel for a divorce is not a
suit in equity.    It belongs on the law side of the court.    The
appellant refers to R. L. c. 152, § 29, which provides that the
court may, "if the course of proceeding is not specially pre-

* Made by *Schofield,* J.

scribed, hear and determine all matters coming within the purview of this chapter according to the course of proceeding in ecclesiastical courts or in courts of equity, and may issue process of attachment and of execution and all other proper and necessary processes." This does not make libels for divorce suits in equity. It authorizes methods of hearing and determining the cases, and the issuing of process in such a way as is adapted to the nature of the proceeding.

In determining whether a divorce shall be granted, the course of proceeding in the ecclesiastical courts may be adopted. In different parts of the chapter authority is given to deal with rights of property. In the R. L. c. 152, § 33, the right of the court to appoint trustees to hold property for the use of the wife or children is recognized. In § 32 it is provided that security for the payment of alimony may be required. In some of these matters the course of proceeding in equity is proper.

The appellant also refers to § 31 of the same chapter, which gives the court power to " enforce decrees made for allowance, for alimony or for allowance in the nature of alimony, in the same manner as it may enforce decrees in equity." This language distinguishes these decrees, made in divorce proceedings, from decrees in equity.

In *Ingalls* v. *Ingalls*, 150 Mass. 57, it was said that Pub. Sts. c. 151, § 13, relative to appeals in equity, was not applicable to an appeal in a suit for divorce. Libels for divorce are now, as they always have been in this Commonwealth, proceedings at law under statutes, and the R. L. c. 159, § 19, relative to appeals in suits in equity, has no application to this case.

The appeal, not having been taken seasonably, must be

*Dismissed.*

The case was submitted on briefs.

*W. A. Davenport & H. E. Ward,* for the libellant.

No counsel appeared for the libellee.