### CROHAN J. DALY *vs.* EUGENE N. FOSS & others.

Suffolk. March 20, 1911. — July 1, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice*, Reservation, Report, Decree, Dismissal of reservation for failure to prosecute. *Words*, "Reported."

A suit in equity, reserved for consideration by this court in accordance with the provisions of R. L. c. 159, § 29, after a hearing by a judge of the Superior Court, upon the pleadings, the evidence and certain findings made by the trial judge, is a case reported within the meaning of R. L. c. 173, § 115, which among other things provides that, if the plaintiff in a case "reported" in equity neglects to enter the report in the Supreme Judicial Court or to take the necessary measures for the hearing of the case, the court by which the case was reported may, upon application of the adverse party and after notice to all parties interested, order that the report be discharged and that the judgment, opinion, ruling, order or decree appealed from or excepted to be affirmed.

A suit in equity, after it had been heard in the Superior Court and the trial judge had made findings of fact and rulings of law, and after many further delays, for which the plaintiff in some degree was responsible, finally came before the court for final decree, and thereupon on an October 18 a reservation under R. L. c. 159, § 29, was signed by the trial judge. On the following December 5 a motion by the defendant under R. L. c. 173, § 115, that the reservation be discharged and that the rulings of the trial judge be affirmed because the plaintiff had neglected to take the necessary steps or measures for the completion of the reservation and the hearing of the case in the Supreme Judicial Court, was allowed and a final decree in accordance with those rulings was made. *Held*, that the order of the judge was within his power, because under R. L. c. 159, §§ 29, 19, the reservation should have been entered in the Supreme Judicial Court at least within thirty days after October 18.

Where, in a suit in equity seeking to enjoin the defendant from certain alleged violations of equitable restrictions upon the use of his land, the trial judge rules, "I find that I ought not, in the exercise of my discretion, to issue any injunction as prayed for in this case" and that the plaintiff had suffered no damages because of the alleged acts of the defendant, and, upon motion of the defendant under R. L. c. 173, § 115, a reservation of the case, which was made under R. L. c. 159, § 29, is discharged and the rulings of the judge are affirmed because the plaintiff neglected to take the necessary steps or measures for the completion of the reservation and the hearing of the case in the Supreme

Judicial Court, the rulings of the judge, whether right or wrong, become the law of the case, and therefore a final decree dismissing the bill with costs is proper.

HAMMOND, J.   This was a bill in equity to enforce certain restrictions upon the use of certain land.   The case was tried and the trial judge* made certain findings and rulings and then reserved " the case and all questions therein " for the consideration of this court upon the pleadings, the evidence, and upon the findings made by him, " such orders to be made as law and justice require."

The defendants, alleging that the plaintiff had neglected to take the necessary measures for the completion of the reservation and the hearing in this court, moved in the Superior Court that the reservation be discharged and that the rulings made by the court be affirmed and a final decree be entered dismissing the bill with costs, " all as provided in R. L. c. 173, § 115." This motion was allowed and a final decree was entered which, after reciting that it appeared to the court " that the plaintiff has neglected to take the necessary steps or measures for the completion of the reservation and the hearing of the case in the Supreme Judicial Court," " ordered, adjudged and decreed that the reservation be discharged and the rulings of the court affirmed and the plaintiff's bill be dismissed," and for costs to the defendant.   From this order the plaintiff appealed and the judge in compliance with the request made certain additional findings affecting the merits of the case.   He also filed a memorandum concerning the delay of the plaintiff which is considered a part of the record.

1. The first question is whether and to what extent the final decree is conclusive, or in other words what if any question is before this court on this appeal.

R. L. c. 173, § 115, reads as follows : " If an appellant or an excepting party or if the plaintiff in a case reported, at law, in equity or in probate proceedings, neglects to enter the appeal, exceptions or report in the Supreme Judicial Court or to take the necessary measures by ordering proper copies to be prepared or otherwise for the hearing of the case, or if an excepting party neglects to provide a transcript of the evidence or of the instruc-

---

* *Fessenden,* J.

tions to the jury within the time ordered by the justice under the provisions of section one hundred and eleven, the court in which the appeal was taken or by which the exceptions were allowed or the case reported may, upon the application of the adverse party and after notice to all parties interested, order that the appeal be dismissed, the exceptions overruled or the report discharged, and that the judgment, opinion, ruling, order or decree appealed from, or excepted to, be affirmed."

Previous to St. 1888, c. 94, in case of the failure of the party whose duty it was to enter the case in this court the application for affirmation of the judgment or order in question had to be made to this court. Pub. Sts. c. 150, § 16 ; c. 151, § 20. But by St. 1888, c. 94, a change was made, applicable however only to appeals and exceptions, by which the court in which the appeal was taken or the exceptions allowed "may" upon the application of the adverse party and after due notice affirm the judgment or decree in question. Amendments to the statute were made from time to time until it finally took the shape in which it now stands. R. L. c.173, § 115. See Sts. 1895, c. 153, § 2 ; 1896, c. 451 ; 1900, c. 372, § 1. Report of the Commissioners on the Revision of 1902, page 1547.

In *Ingalls* v. *Ingalls*, 150 Mass. 57, the libellant filed in this court a complaint for the affirmation of a decree of the Superior Court in a libel for divorce to which the libellee had excepted and had neglected to enter the exceptions in this court. The application was refused on the ground that under St. 1888, c. 94, it should have been made to the Superior Court. The court there says that the statute was intended to obviate the necessity of applying by complaint to this court for the affirmation of the judgment or order in the trial court, and "to substitute as the appropriate tribunal for affirming such order, etc., when the appeal or exceptions had not been entered, the court where such order, etc., had. originally been made. While the word ' may ' is used in the statute of 1888, it was not intended by this use to leave the right to apply to this court for affirmation as it had before existed, and thus to make the remedy provided merely cumulative." And in *Erlund* v. *Manning*, 160 Mass. 444, the same rule was applied to an appeal from the decision of a justice of this court. Both of the foregoing decisions were made under

St. 1888, c. 94, which applied only to appeals and exceptions. R. L. c. 173, § 115, applies to a case reported in equity; and a case reserved is a case reported within the meaning of the statute.

The power given to the trial court under this statute is given only in certain classes of cases therein enumerated. One class includes a case where the plaintiff upon a report in equity neglects to enter the report or to take the necessary steps by ordering proper copies to be prepared, or otherwise, for the hearing of the case in this court. Upon this appeal the first question is whether the allegations of the decree that the plaintiff has neglected to take the necessary steps for the completion of the reservation and the hearing of the case in this court is true. Unless the court was justified in coming to that conclusion it had no right to pass the order of affirmation.

After many delays for which the plaintiff seems to have been in some degree responsible, the terms of the reservation were finally substantially settled and, the cause coming on for final decree, the reservation was signed October 18, 1910. The statutes provide in substance that the reservation of a judge of the Superior Court shall be entered at least within thirty days from the time of the reservation or forthwith thereafter. R. L. c. 159, §§ 19, 29. The decree was made December 5, 1910. It is apparent that a case within R. L. c. 173, § 115, was before the court as set forth in the decree, and the court had the power to affirm the rulings.

The rulings thus affirmed must stand. The appeal does not bring to this court the correctness of such rulings. The order of affirmation made by the trial court acting within its jurisdiction has the same effect as when formerly made by this court. The party who by exception, appeal, report or reservation seeks to have the action of the trial court modified in any way by this court by his default loses the right to the judgment of this court; and the findings and rulings affirmed, whether right or wrong, become the law of the case.

It becomes necessary to see what it was that the court affirmed. There was no final decree as in the case of an appeal from a final decree. The case being reserved under R. L. c. 159, § 29, the trial court, instead of entering a formal decree, ruled

substantially as to the form the decree should take and left the formal entry until the rescript should come from this court. This is in accordance with the usual practice.

In the present case the court made twenty-seven "findings and rulings" of fact and law. In paragraph 24 is the following: "I find that I ought not, in the exercise of my discretion, to issue any injunction as prayed for in this case." This is in legal effect a ruling that the plaintiff is not entitled to an injunction. This ruling having been affirmed by the court under R. L. c. 173, § 115, for reasons hereinbefore stated cannot be revised by this court, but must stand as the conclusive declaration of the law of the case. And under the finding of the court that the plaintiff has suffered no damages there is no occasion to keep the bill for the assessment of damages. Under these circumstances the decree dismissing the bill and for costs should be affirmed with the costs since the decree.

2. The conclusion which we have reached as to the final decree renders it unnecessary to consider at length the questions arising upon the defendants' motion for the dismissal of the appeal. The decree denying the motion is affirmed.

*So ordered.*

*G. F. Ordway,* for the plaintiff.
*S. J. Elder,* (*H. R. Bailey* with him,) for the defendants.