*Petition dismissed.*

---

HERBERT P. LITTLEJOHN *vs.* MARY J. LITTLEJOHN.

Franklin.   September 22, 1920. — October 13, 1920.

Present: RUGG, C. J., DE COURCY, CROSBY, CARROLL, & JENNEY, JJ.

*Probate Court,* Appeal, Motion to dismiss appeal for failure to prosecute. *Juris-
diction. Supreme Judicial Court.*

An appeal from an order, decree or denial of a Probate Court or of a judge of that
    court under St. 1919, c. 274, §§ 1, 2, is not pending before the full court of the
    Supreme Judicial Court until the papers specified in R. L. c. 157, § 21, shall
    have been prepared and filed in that court and the entry fee required by R. L.
    c. 204, § 6, has been paid.
A motion for dismissal of an appeal from a decree of the Probate Court under
    St. 1919, c. 274, § 1, for want of prosecution in failing to prepare and file with
    the full court of the Supreme Judicial Court the papers required by § 2 of that
    statute and by R. L. c. 157, § 21, cannot be made before the full court of the
    Supreme Judicial Court, but should be made in the Probate Court.

MOTION, filed with this court on September 22, 1920, for the
dismissal of an appeal from a decree of the Probate Court for the
county of Franklin, entered on June 15, 1920, placing the minor

child of Mary Jane Littlejohn and of Herbert P. Littlejohn in the custody of the mother and directing the father to contribute $5 each week to the child's education and maintenance "until the further order of said court," and for the affirmation of that decree.

*W. A. Davenport,* for the petitioner.

*F. L. Greene,* for the respondent.

RUGG, C. J. This is a motion made before the full court to dismiss an appeal from a decree of the Probate Court on the ground of want of prosecution in failing to have printed required papers for consideration by this court and to affirm the decree of the Probate Court. The motion is opposed on the ground that there is no jurisdiction to entertain the motion. The facts are that the petition was entered in the Probate Court on May 21, 1920, and final decree was entered on June 15, 1920. Within less than twenty days thereafter the petitioner filed in the Probate Court an appeal. He caused to be prepared and filed with the clerk of this court a single copy of the papers in the Probate Court and paid the required entry fee and did nothing more.

It is provided by St. 1919, c. 274, § 1, that "A person who is aggrieved by an order, decree or denial of a Probate Court or of a judge of that court, in any proceeding begun after this act takes effect, may, within twenty days after the entry thereof, appeal from the same to the Supreme Judicial Court, and the appeal shall be heard and determined by the full court, which shall have the like powers and authority in respect thereto as upon an appeal in a suit in equity under the general equity jurisdiction . . .;" and by § 2, that "The appeal shall be pending before the full court as soon as it has been filed in the Probate Court, and proper copies of papers in the proceeding, as specified in section twenty-one' of chapter one hundred and fifty-seven of the Revised Laws, shall be prepared by the register and transmitted to the Supreme Judicial Court and entered in the docket of the full court." That chapter made a radical change in the practice concerning appeals from the Probate Court. Before it went into effect, appeal lay from all decrees entered by the Probate Court, with exceptions not here material, directly to the Supreme Judicial Court for the county, where a new hearing was had both upon facts and law before a single justice of this court. That no longer is the practice in view of c. 274. There is now no review of the findings of fact

made by the judge of probate except in those instances where they may be brought before the full court in accordance with equity practice as provided in § 4 of c. 274, and in those instances where issues may be framed for a jury under § 7 of that chapter. Rulings of law may be brought immediately before the full court for review. The first part of § 2 does not stand alone. It is to be read in conjunction with and as dependent upon the rest of the section and the other general provisions of law setting forth the conditions upon which causes may be brought to the consideration of the full court. The reference in § 2 of c. 274 to the copies required by R. L. c. 157, § 21, does not mean that the register must prepare them at public expense, but it means that the register shall "at the expense of the appellant" prepare and transmit to the clerk of the full court (1) one copy of the papers designated in § 21 for the use of the Chief Justice, and (2) one copy of the papers upon which the question of law arises "for each associate justice, for each party and for the reporter of decisions." See in this connection R. L. c. 159, § 19, as amended by St. 1911, c. 284, § 1. R. L. c. 173, § 117. Finally the appealing party is required by R. L. c. 204, § 6, to pay $3 for the entry of an "action or suit" in the Supreme Judicial Court and "for the entry, record and transmission of papers of each question or cause in the Supreme Judicial Court for the Commonwealth." The collocation of the words "entry, record and transmission of papers," which appears for the first time in St. 1900, c. 372, § 3, indicates that not only appeal, exceptions or report but the necessary papers and copies are essential. See *Clemens Electrical Manuf. Co.* v. *Walton,* 168 Mass. 304, 308. All these several steps must be taken before the appeal can be said to be ripe for action by the full court. It cannot be thought that the Legislature intended to place appeals from the Probate Court, now for the first time allowed directly to this court, upon a footing different from the practice prevailing as to the review of questions of law arising in other courts. On the contrary, the reference in § 2 of c. 274 to R. L. c. 157, § 21, shows that uniformity of practice is intended. The entry of an appeal from the Probate Court under St. 1919, c. 274, is the "entry of an action or suit" or "of each question or cause" within the meaning of those words in R. L. c. 204, § 6. *Burlingame* v. *Bartlett,* 161 Mass. 593, 597.

It is not contended that the appellant gave or desires to give an order for printing the record as required by R. L. c. 157, § 21.

The case at bar comes clearly within the provisions of St. 1915, c. 111, amending R. L. c. 173, § 115, wherein it is provided that if "an appellant or an excepting party or if the plaintiff in a case reported, at law, in equity or in probate proceedings, neglects to enter the appeal, exceptions or report in the Supreme Judicial Court or to take the necessary measures by ordering proper copies to be prepared or otherwise for the hearing of the case, . . . the court in which the appeal was taken or by which the exceptions were allowed or the case reported may, upon the application of the adverse party and after notice to all persons interested, order that the appeal be dismissed, the exceptions overruled or the report discharged, and that the judgment, opinion, ruling, order or decree appealed from, or excepted to, be affirmed." See R. L. c. 219, § 36. The method there provided is exclusive. The former practice of application to this court, *Gassett* v. *Cottle,* 10 Gray, 375, thereby has been abrogated. *Ingalls* v. *Ingalls,* 150 Mass. 57, 58. *Erlund* v. *Manning,* 160 Mass. 444. *Daly* v. *Foss,* 209 Mass. 470. *Carpenter* v. *Fleming,* 177 Mass. 525. *Griffin* v. *Griffin,* 222 Mass. 218. The practice set forth in *Cobb* v. *Rice,* 128 Mass. 11, no longer prevails because it rested upon a statute repealed by St. 1900, c. 372, § 1. Where a party neglects seasonably to attend to the transmission of required copies for consideration by the full court, the same procedure prevails as where in other respects there is failure to take the steps described in St. 1915, c. 111. It follows that this application should have been made in the Probate Court, and that it must be dismissed in this court.

*Motion dismissed.*