MORRIS L. SILVERSTEIN *vs.* DANIEL RUSSELL BOILER WORKS, INCORPORATED.

Suffolk. October 20, 1925. — December 1, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil,* Report: dismissal for failure to enter seasonably. *Jurisdiction. Superior Court. Words,* "As soon as may be."

If a trial judge in the Superior Court files a report to this court of an action in which there was a verdict for the defendant and later the defendant files a motion to dismiss the report for want of prosecution, and, while that motion is pending in the Superior Court on several continuances of a hearing, the plaintiff has the record printed and enters the case in this court, the Superior Court thereupon has no further jurisdiction over the motion.

*It seems* that practice, better than that above described, would have been for the plaintiff to await the order of the Superior Court upon the defendant's motion to dismiss and not to attempt to execute his own delayed intentions or to circumvent his adversary by making a speedy entry in this court after the filing of the motion in the Superior Court.

If a plaintiff delays from December 17, the date of the filing by a judge of the Superior Court of a report to this court of an action where there had been a verdict for the defendant, to March 11, before taking any steps to cause the record to be printed and entered in this court, he has not complied with the imperative requirement of G. L. c. 231, § 135, and a motion in this court to dismiss the report must be granted.

CONTRACT by an indorser against the maker of a negotiable promissory note. Writ dated October 19, 1923.

In the Superior Court, the action was tried before *Whiting*, J.  There was a verdict for the defendant and the trial judge reported the action to this court for determination.

Proceedings in the Superior Court relative to a motion to dismiss the report for want of prosecution, exceptions by the defendant to a denial of that motion, and the motion to dismiss in this court, are described in the opinion.

The case was submitted on briefs.

*J. A. Curtin, W. F. Poole, & A. S. Allen*, for the defendant.
*J. Cavanagh*, for the plaintiff.

RUGG, C.J.  This is an action of contract.  The case is before us on two forms of procedure, one a bill of exceptions to a ruling of the Superior Court on a motion there made to dismiss the case for want of prosecution, the other a motion made in this court to dismiss the report of the judge of the Superior Court because it was not seasonably entered here.

1. The bill of exceptions is considered first.  Verdict for the defendant was rendered on January 8, 1924.  After intervening proceedings, which need not be recited, the judge filed a report of the case to the full bench on December 17, 1924.  No further action was taken until March 6, 1925, when the defendant filed a motion to dismiss the report for want of prosecution.  This motion was marked for hearing on March 12, but was successively postponed on request of the plaintiff to March 16, 19, 20 and 23.  On March 11 the plaintiff placed an order with the clerk of the Superior Court for the printing of the record and made the necessary deposit, and on March 21, the record having been printed, entered the case in the Supreme Judicial Court for the Commonwealth.  The motion was heard on March 23, 1925.  The court ruled that the entry of the report in the Supreme Judicial Court divested him of further jurisdiction over the motion and denied it.  The defendant excepted.

The ruling was right.  It doubtless would be possible to say that the attempt to enter the report in this court after the lapse of so long a time as not to be "as soon as may be" within the meaning of those words in G. L. c. 231, § 135, was "a mere void act," which left the whole matter still pending in the Superior Court.  See *Bergen* v. *Jones*, 4 Met. 371, 375.

But such a conclusion would give rise to confusion in practice and parties might well be at a loss to know in which court the exceptions, appeal or report was pending, or be puzzled as to the correct course to pursue. After the entry fee has been paid to the clerk of the Supreme Judicial Court and the appropriate papers and copies filed with him, it seems better to treat the case as pending here subject to whatever steps properly may be taken to dismiss it. *Daley* v. *Francis,* 153 Mass. 8, 11. *O'Neill* v. *O'Neill,* 229 Mass. 508. It would be awkward to regard the question, whether the case had been entered "as soon as may be," to be pending at the same moment in the Superior Court and in the Supreme Judicial Court. Difficulties might arise in interpreting parts of G. L. c. 231, § 133, if it should be held that the motion to dismiss was pending in the Superior Court as well as in this court. By entry of the report in the full court, it was removed from further action of the Superior Court. *Gassett* v. *Cottle,* 10 Gray, 375. *Cobb* v. *Rice,* 128 Mass. 11. *Barnett* v. *Loud,* 243 Mass. 510, 513. The case at bar is distinguishable in this particular from *"Joannes"* v. *Underwood,* 6 Allen, 240, *Jarvis* v. *Mitchell,* 99 Mass. 530, 532, *McRae* v. *Locke,* 114 Mass. 96, on which the defendant relies. It is also to be distinguished from *Littlejohn* v. *Littlejohn,* 236 Mass. 326.

It would be better practice, however, when a motion has been made in the Superior Court to dismiss for want of prosecution under G. L. c. 231, § 133, for the excepting or appealing party to await the decision of that court and not attempt to execute his own delayed intentions or to circumvent his adversary by making a speedy entry in this court after the filing of the motion in the Superior Court. The hearing on such motion ought not to involve any considerable delay. The Superior Court is the appropriate tribunal for the trial of disputed facts. The rights of the parties can there be quickly determined. A party could protect his rights as well as circumstances permit by filing a petition for late entry under G. L. c. 211, § 11.

The exceptions must be overruled.

2. The report of the judge on the merits was entered in this court on March 21, 1925. On July 6, 1925, the defend-

ant filed in this court a motion to dismiss the case for want of prosecution in failing seasonably to enter the case within the time required by law.   In an accompanying affidavit the facts were set forth which have herein already been recited in considering the exceptions as to delay in entering the report in this court after it was filed in the Superior Court. Reply affidavit was filed in behalf of the plaintiff.   Additional facts thus developed are that by reason of the pressure of other duties there was oversight in giving to the clerk of the Superior Court the necessary order for printing the record and preparation of copies and making the necessary deposit to cover the expense from December 17, 1924, until March 11, 1925, when these matters were attended to, and ten days later the case was ready for entry in this court and was so entered.   There was thus the delay from December 17, 1924, when the report was filed, to March 11, 1925, being three months lacking six days, before any steps were taken for the entry of the case in this court.   The preparation of all necessary papers after giving the order was accomplished in ten days.

It is required by G. L. c. 231, § 135, that the copies and papers in a case like this must be "prepared . . . transmitted to and entered on the docket of the full court . . . as soon as may be after such question of law has been reserved and duly made a matter of record in the court in which the action is pending."

Plainly, in the case at bar there has not been compliance with this peremptory mandate of the statute.   There was delay of three months lacking six days after the filing of the report before the essential order was given to the clerk of courts to make ready the papers.   It was three months and four days after the filing of the report before the entry in this court.   Of this time only ten days were needed to print the record and to prepare the other necessary papers.   This subject was somewhat discussed in *Griffin* v. *Griffin,* 222 Mass. 218.   It there was held that the requirement of G. L. c. 214, § 19, that appeals in equity be entered "forthwith," and that of G. L. c. 231, § 135, that questions of law arising by report, reservation, exception, appeal or otherwise, be

entered "as soon as may be," in substance meant the same thing; that, the manifest purpose of those enactments being to prevent delay and to expedite the end of lawsuits, they must be interpreted in such a way as to give effect to that purpose; and that a finding that a delay of twenty-three days in entering an appeal was not a compliance with the statute could not be pronounced erroneous. In *Bentley* v. *Ward,* 116 Mass. 333, it was said in an opinion by Chief Justice Gray that "In *Priest* v. *Groton,* 103 Mass. 530, . . . it was held that exceptions allowed on the last day of a term of the Superior Court, and entered in this court twenty-seven days afterwards, and more than a month before the next law term, at which in the usual course they would be argued, were seasonably entered. . . . And we are of opinion that in any case, in which no special circumstances are shown, exceptions not entered in this court within a month . . . cannot be deemed to be entered 'as soon as may be,' as required by the statute." In *Loonie* v. *Wilson,* 233 Mass. 420, 424, are found these words: "It seems to be strange, if an order to print the record here in question was given by the appellant 'forthwith' on the order being made on July 5, that the Superior Court should have found that in case the printing was completed and the case entered in the Supreme Judicial Court by September 20 it would be entered 'forthwith.' The evidence on which this order was made is not before us. With some hesitation we have come to the conclusion that we cannot say that no facts could have existed which would have warranted the Superior Court in coming to the conclusion . . ." Other cases where the subject has been before the court are *Burlingame* v. *Bartlett,* 161 Mass. 593, 596, *Littlejohn* v. *Littlejohn,* 236 Mass. 326, *Hellier* v. *Loring,* 242 Mass. 251, 254, *Robinson* v. *Donaldson,* 251 Mass. 334, but they need not be reviewed.

The conclusion is irresistible that the imperative requirement of the statute has not been satisfied and that the case was not entered "as soon as may be" after it was ripe for entry.

*Exceptions overruled.*
*Motion to dismiss case allowed.*