FLORENCE M. BESSEY *vs.* ARTHUR L. BESSEY & others.

Middlesex.    March 9, 12, 1928. — May 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court*, Jurisdiction, Issues for jury, Claim by administrator, Appeal. *Executor and Administrator.*

Since the enactment of St. 1919, c. 274, § 4, a probate court has no jurisdiction to frame for trial by jury in the Superior Court issues respecting the validity of claims of the administrator of the estate of a deceased person against the estate presented by a petition of the administrator under G. L. c. 197, § 6, for their allowance.

PETITION, filed in the Probate Court for the county of Middlesex on September 8, 1926, by the administratrix of the estate of William M. Bessey, late of Wakefield, for the allowance of claims of the administratrix against the estate.

The petition set forth claims in three counts. In count 1 was set forth a promise by the intestate that, in consideration of the petitioner's giving the intestate and his wife personal care and assistance during their lives, the intestate would by will give his entire estate to the petitioner; that the petitioner gave such personal care and assistance; and that the intestate failed to make such a will. In count 2 the petitioner alleged that the estate was indebted to her for labor performed and services rendered between January 1, 1919, and December 3, 1925, in the sum of $17,880. Count 3 was upon an account annexed with three items: $3,120 for services to January 1, 1919; $5,580 for services from January 1, 1919, to January 1, 1922, and $9,180 for services from January 1, 1922, to December 3, 1925.

The petitioner moved for the framing of three issues for trial by jury in the Superior Court relating, respectively, to the validity of each of the claims set out in the three counts. The motion was heard by *Leggat*, J., upon statements of counsel for both parties. He filed a report stating as follows: "No evidence was introduced nor was any statement made by counsel for the petitioner as to what he expected to prove·

I, therefore, make no finding of material facts other than those disclosed by the record, namely, that the administratrix has filed a claim against the estate in three counts, seeking to establish her right to recover as compensation for services alleged to have been rendered, an amount equal to the entire estate. Arguments of counsel related solely to the propriety of granting jury issues on such a claim. Upon consideration I allowed the motion."

The respondents appealed.

*J. A. Brickett & John Wentworth,* for the respondents, submitted a brief.

*G. M. Poland, (E. K. Bowser* with him,) for the petitioner.

RUGG, C.J. This is a petition in the court of probate by an administratrix for the allowance of her claim against the estate of her intestate. The claim is in three items based on personal services rendered by her during the life of the intestate for three separate periods of time. The compensation claimed equals in amount the entire estate. Heirs of the intestate appeared in the Probate Court in opposition to the claim. The petitioner then filed a motion that issues be framed for trial by a jury. The motion was allowed. The single present point of controversy between the parties is whether under the law the Probate Court had jurisdiction to frame issues for trial to a jury.

Apparently the first statute enacted after the adoption of the Constitution touching the enforcement of claims held by administrators and executors against the estates being settled by them was St. 1789, c. 11. The preamble to that statute recites in substance that such executors and administrators cannot sue such claims and that it may tend to the furtherance of justice and the satisfaction of parties if these claims can be settled by referees. The body of the statute made provision for the settlement of such claims by arbitration, but no provision was made for trial of them by jury. The commissioners of 1835 to revise the statutes made some important changes in the law, Rev. Sts. c. 66, § 19, and in a note to that section say that St. 1789, c. 11 "makes no provision for the case, when the parties do not agree to submit the claim to arbitrators. It is proposed in this 19th section to

have it decided by the judge of probate; reserving to the parties the right of a trial by jury if they demand it." Seemingly, the remedies thus provided rest entirely upon statute and not upon constitutional right. This provision of the Revised Statutes continued in substance in subsequent revisions of the laws and was in force until St. 1919, c. 274. The words of R. L. c. 141, § 7, upon this point were, "Upon appeal to the Supreme Judicial Court, upon motion of either party or by order of the court, an issue shall be framed and tried by a jury as other issues in civil actions are tried; and the verdict thereon, when duly allowed and recorded, shall be conclusive." Thus the trial by jury was had under the mandate of the statute and was wholly regulated thereby. It did not rest upon practice established by the court. See *Butler* v. *Butler*, 225 Mass. 22. By St. 1919, c. 274, appeals in ordinary cases from the Probate Court for a new trial before a single justice of the Supreme Judicial Court, which theretofore had existed in almost all cases, were abolished. *Littlejohn* v. *Littlejohn*, 236 Mass. 326. See, however, G. L. c. 210, § 11, for an express exception. The appeal theretofore provided in cases like the present by R. L. c. 141, § 7, was not preserved, and disappeared with all other probate appeals. The Probate Court became to all intents and purposes the tribunal for the final decision of matters of fact and law in all probate matters in the same manner and to the same extent as are courts of equity subject to review on appeal to the full court, and as are equity cases on appeal from other courts. Appeals to the full court from the Probate Court now stand on substantially the same footing as equity appeals.

The only provision for trial by jury in matters arising in the Probate Court was in St. 1919, c. 274, § 7, now G. L. c. 215, § 16, in these words: "A probate court in any proceeding, upon the application of a party and in accordance with the practice established by the Supreme Judicial Court in like cases, may direct that any issues of fact shall be tried by a jury in the Superior Court . . . ." It is to be observed that the "practice" to which reference is thus made is that "established by the Supreme Judicial Court" and not to any

practice imposed upon that court by legislative enactment, and acted upon by it pursuant to that enactment. Respecting this reference for the test, whether there shall be an issue to a jury, to "the practice established by the Supreme Judicial Court in like cases," it was said in *Fuller* v. *Sylvia,* 240 Mass. 49, at page 52, "We interpret this to mean the usage of the court as it has come to be applied apart from strict legal right"; and, "It is too well settled for discussion that trial by jury upon issues arising in the ordinary course of probate courts under our system of division of judicial powers is not matter of right. Trial by jury in such cases 'rests in the usages and discretion of the court.'" *Allen* v. *Guarente,* 253 Mass. 152. *Edwards* v. *Cockburn,* 257 Mass. 153, 155.

The trial by jury, which is sought in the case at bar, has never been granted by the Supreme Judicial Court as matter of practice and in accordance with its established usage, but pursuant to the requirement of the statute. By the enactment of St. 1919, c. 274, the General Court rendered inapplicable the statutory mandate theretofore existing, because it took away the right of appeal to the tribunal which alone could exercise that mandate. It seems to us that this repeal of the right of appeal to the only court possessing power to order a trial by jury is as plain a denial of the right to such trial as if it had been expressly denied, as in G. L. c. 258, § 2. It would have been easy to preserve this mandate for a jury trial, or to make jury trial discretionary with the court, if such had been the purpose of the Legislature. But it chose to leave the parties where they were from 1789 to 1836, without any right to trial by jury.

The case does not require us to decide any other question than the one reported, namely, whether jury issues ought to be granted.

　　　　　　　　*Order granting issues to a jury reversed.*
　　　　　　　　*Motion for such issues to be denied.*