FRANK O. GRIFFIN *vs.* EDWARD S. GRIFFIN.

Essex.    October 19, 1915. — November 23, 1915.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal.  *Words,* "Forthwith," "As soon as may be."

Under St. 1911, c. 284, which provides that "an appeal from a final decree of the Superior Court shall forthwith be entered in the Supreme Judicial Court," it was *held,* that a finding of a judge of the Superior Court, in a case where the evidence was not reported, that a failure by the plaintiff in a suit in equity for twenty-three days to enter in this court his appeal from a final decree of the Superior Court dismissing the bill was not acting with reasonable promptness, could not be said to be wrong, and the order dismissing the bill was affirmed.

RUGG, C. J.    This is a suit in equity.  A final decree dismissing the bill was entered in the Superior Court on March 17, 1915. The plaintiff appealed to the full bench of this court on March 29, 1915, being within the twenty days now allowed by law.  Twenty-three days later, on April 21, 1915, a motion by the defendant that this appeal be dismissed because not seasonably entered was granted.*  No finding of facts or report of material evidence was filed by the judge of the Superior Court.  The question is, therefore, whether as matter of law his action in dismissing the appeal was warranted.  The governing statute is St. 1911, c. 284, which provides that "an appeal from a final decree of the Superior Court shall forthwith be entered in the Supreme Judicial Court."

The word "forthwith" first appeared in the law relating to the entry of appeals in equity in R. L. c. 159, § 19.  It was not in

---

* By *Quinn,* J.

Pub. Sts. c. 151, § 13, or St. 1883, c. 223, § 2. It was held in *Burlingame* v. *Bartlett*, 161 Mass. 593, decided before the enactment of the Revised Laws, that the time of entry of such appeals in the Supreme Judicial Court was controlled by Pub. St. c. 153, § 15 (now R. L. c. 173, § 117), regulating actions at law, which required the entry to be made "as soon as may be after such question of law is reserved." Doubtless the insertion of the word "forthwith" in R. L. c. 159, § 19, was not intended to change the law as previously declared, but merely to make plain by express terms the similarity of the provision as to the entry of appeals in equity and appeals and exceptions at law. The bringing of cases directly from the Land Court to the Supreme Judicial Court is governed by the same procedure. R. L. c. 128, § 13, as amended by St. 1910, c. 560, § 1. As to appeals from the appellate division of the Municipal Court of the City of Boston, see St. 1912, c. 649, § 9. "Forthwith" and "as soon as may be" in substance mean the same. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 174. As applied to the subject matter, they signify that due diligence shall be used to enter the case in the full court with reasonable promptness.

It was said in *Priest* v. *Groton*, 103 Mass. 530, in effect, that it was common practice for the name of a case in which exceptions or appeal was pending to be transmitted to the clerk of the full court and the entry fee to be paid later, and the copies and other papers entered at a subsequent time. That practice was changed many years ago. Now and for years last past it has been the practice not to enter a case on the calendar of the full court sitting for the Commonwealth until the entry fee has been paid, the papers printed and the copies made in cases where copies must be transmitted, so that all essential papers may be filed at one time. It also was pointed out in that opinion that the requirement that the entry be made "as soon as may be" after the case was ripe for entry, being the equivalent of a reasonable time, was substituted by St. 1864, c. 111, for the earlier definite period of twenty days found in Gen. Sts. c. 115, § 12. In *Bentley* v. *Ward*, 116 Mass. 333, it was held that, in any case where no special circumstances are shown, exceptions not entered in this court within a month after the final adjournment of the term at which they were allowed could not be deemed to be entered "as soon as may be."

The general tendency of recent statutes and rules of court has been to hasten so far as may be reasonable the allowance of exceptions and thus to prevent the great delays which sometimes occurred .in the presentation of cases to this court by appeal or exceptions from the Superior Court. *Frank, petitioner,* 213 Mass. 194. That is a salutary tendency. The words "forthwith" and "as soon as may be" must be interpreted in the light of this tendency. When the Legislature has used such words, it has gone as far as language can to indicate that all steps for the entry must be taken without any delay or the lapse of any greater period of time than is necessary. The same word is used here as in the Massachusetts standard form of insurance, where it has been held to demand the exercise of reasonable diligence to act without unnecessary delay in the light of all the surrounding conditions. *Greenough* v. *Phoenix Ins. Co.* 206 Mass. 247, 249, where the cases are collected. *Smith* v. *Scottish Union & National Ins. Co.* 200 Mass. 50. Any rational provision to ameliorate delay in the administration of justice should be given full effect.

The appeal in equity may be taken at any time within the twenty days allowed by law even up to the last hour of that period. That is the first step. After that step has been taken, then the next one, viz. — to procure the printing of the record and the making of the necessary copies, — must be taken "forthwith" in the words of the statute. The word "forthwith" in this context means that directions must be given with reasonable dispatch to the clerk to prepare that which the law requires to be prepared as a prerequisite for entering the case in this court, and the necessary money must be deposited with him to reimburse him for the expenses. When these papers are prepared, then, at once, they must be filed in the full court and the entry fee paid. The duty of preparing the necessary papers and the making of the required copies is vested in the clerk. R. L. c. 157, § 21; c. 173, § 117. St. 1908, c. 177. Of course, the party cannot control the speed of action of the clerk. That rests upon his official responsibility to act with reasonable promptness. But in order to comply with the requirement of the statute as expressed in the word "forthwith" in St. 1911, c. 284, or the words "as soon as may be" in R. L. c. 173, § 117, the party must, as soon as reasonably may be after the appeal is taken or the exceptions allowed, give directions to the clerk to pre-

pare the necessary copies and papers required to enter the case in the full court and comply with his demand for prepayment of expenses, if any is made. This may involve conference between attorney and client and possibly such reasonable time for investigation as may be consistent with the statutory mandate that action must be taken "forthwith" or "as soon as may be." Circumstances may vary somewhat in different cases, dependent upon the length of the record and complexity of the questions involved, and the degree of requisite expedition thereby be modified.

It must be assumed upon the present record that the judge found as a fact that failure by the plaintiff for twenty-three days to enter his appeal in this court was not acting with reasonable promptness. As the evidence is not reported, his finding cannot be pronounced wrong. Such a finding well might be based on the subsidiary facts, if they were found as facts, that no direction had been given to the clerk, together with an adequate payment to cover the expenses, to prepare, print and copy the papers required by law for entry of the cause in this court within that period of twenty-three days, and that no excuse existed for such delay.

It may not be amiss to add that a careful examination of this record discloses no error of law in the disposition of the case on its merits.

*Order dismissing appeal affirmed.*

*J. G. Wright,* for the plaintiff.
*E. S. Taft,* for the defendant.