PAUL A. MAZZUCHELLI & another *vs.* MICHAEL SERETTO & others.

Suffolk.   November 17, 1925. — December 1, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Appeal: dismissal for failure to enter "forthwith."   *Words,* "Forthwith."

An entry in this court on November 4, 1925, of an appeal in a suit in equity from a final decree which was entered on February 5, 1925, where the record contained thirty-six printed pages, is not a compliance with G. L. c. 214, § 19, although there may have been a justification for delay in ordering the printing of the record until October 8, 1925.

BILL IN EQUITY, filed in the Superior Court on February 26, 1924, and described in the opinion.

In the Superior Court, the suit was referred to a master and was heard upon the master's report by *Hammond*, J. By his order a decree was entered for the plaintiff and for several intervenors. The defendant Maryland Casualty Company appealed.

Circumstances relating to the delay in entering the appeal in this court and to a motion in this court to dismiss the appeal are described in the opinion.

*L. Luftman*, for the plaintiff.

*E. I. Taylor*, for Maryland Casualty Company.

RUGG, C.J.   This is a suit to determine and establish the amount of the plaintiffs' claim against Michael Seretto, who had entered into a contract with the city of Boston for the construction of granite composite bleachers, and for the payment of the same by the city and by the Maryland Casualty Company, the surety on a bond given by Seretto to the city.   The suit was brought for the benefit also of other creditors of Seretto who had performed labor or furnished material in the construction of the bleachers. Ten different intervening petitions were filed.   The case was heard by a master and his report was confirmed.   Final decree was entered on February 5, 1925.   The Maryland Casualty Company appealed on February 9, 1925.   The case was entered in this court on November 4, 1925.   Motion has been made to dismiss the case because not entered in this court "forthwith" after the appeal from the final decree as required by G. L. c. 214, § 19.

The record as printed contains thirty-six pages.   It was not stated at the bar how long a time was required for the printing of the record but no contention by the appellant is based on that factor.   The appellant contends that the record was not ready for printing when the appeal was filed because (1) it was allowed by the court on September 12, 1925, as of February 4, 1925, to file an answer to the intervening petition of one of the appellees and (2) it filed on October 8, 1925, a stipulation signed by seven out of ten intervening petitioners to the effect that "they are no longer interested in the proceedings, and that their intervening petitions, the answers and pleadings relating thereto, need

not be printed and made a part of the record." The infer-
ence is that no direction and deposit for the preparation of
the record was given until September 12, 1925, or possibly
until October 8, 1925. It is manifest that the record pre-
sented might readily have been prepared and printed between
October 8 and November 4, 1925.

The statutory requirements with respect to the entry of
cases in this court after final disposition in the Superior Court
have been explained and interpreted in recent decisions.
*Griffin* v. *Griffin,* 222 Mass. 218.  *Loonie* v. *Wilson,* 233 Mass.
420, 424, 428.  *Robinson* v. *Donaldson,* 251 Mass. 334.
*Bentley* v. *Ward,* 116 Mass. 333.  *Silverstein* v. *Daniel
Russell Boiler Works, Inc., ante,* 137, just decided. It is
not necessary to repeat the principles there stated. It is an
inevitable conclusion from the plain words of the statute and
these decisions that the appeal in the case at bar was not
entered "forthwith," nor as soon as was reasonably practi-
cable after the final decree. The statute makes no provision
for mere excuses in failing to comply with its terms. It
follows that the motion to dismiss the appeal must be
granted.

*Appeal dismissed.*