WILLIAM C. WEST, trustee, *vs.* WILLIAM G. JOHNSON,
executor.

Essex.    November 20, 1925. — December 1, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court,* Appeal: dismissal because of failure to enter in this court
as soon as may be.

A motion in a probate court to dismiss an appeal which had been entered
there on June 23, must be allowed if it appears that a report of material
facts found by the judge was filed on July 22, that the motion to dismiss
was filed on September 3 and was heard on October 6, on which day
for the first time the order to the register of probate to prepare the
papers for appeal was given.

PETITION, filed in the Probate Court for the county of
Essex on January 23, 1925, for the allowance of the fifty-

fourth and final account of William C. West, sole surviving trustee under the will of Nathaniel West.

The petition was heard by *Dow*, J., by whose order a decree was entered modifying the account and allowing it as modified. William G. Johnson, executor of the will of Maria Louisa Lander, appealed.

The petitioner moved to dismiss the appeal for want of prosecution in the circumstances described in the opinion. The motion was heard by *Dow*, J., and was denied. The petitioner appealed.

*C. F. Lovejoy*, (*C. C. Bucknam & H. N. Berry* with him,) for the petitioner.

*R. W. Hale*, for the respondent.

RUGG, C.J.   This is a motion filed in the Probate Court to dismiss an appeal from a final decree entered in that court because not seasonably entered in the Supreme Judicial Court. The motion was denied. Appeal was taken from that denial. The judge made findings of fact to this effect: final decree was entered on June 23, 1925, appeal was claimed on June 25, report of material facts found by the judge was filed on July 22. "It is agreed that on September 3, 1925, when said motion to dismiss was filed, no order had been given by said respondent to the register of probate to prepare proper copies of papers in the proceeding for transmission to the Supreme Judicial Court. On October 6, 1925, there was a hearing upon said motion to dismiss the appeal and on the same day said respondent filed with the register of probate all papers necessary to said appeal and requested the register to prepare copies thereof and transmit them to the Supreme Judicial Court as required by the statute pertaining thereto." G. L. c. 231, §§ 144, 135; c. 215, § 10.

These are all the material facts. They show that the imperative requirement of the statute that such an appeal must be entered as soon as may be in this court has not been satisfied. The case at bar is governed by *Griffin* v. *Griffin*, 222 Mass. 218, *Bentley* v. *Ward*, 116 Mass. 333, *Robinson* v. *Donaldson*, 251 Mass. 334, *Silverstein* v. *Daniel Russell Boiler Works, Inc.*, *ante*, 137, *Mazzuchelli* v. *Seretto*, *ante*, 159, *Crawford* v. *Roloson*, *post*, 163.

*Order denying motion reversed.*