## Nita M. Crawford *vs.* Robert M. Roloson.

Barnstable.    November 20, 1925. — December 1, 1925.

Present: Rugg, C.J., Braley, Pierce, Wait, & Sanderson, JJ.

*Land Court,* Exceptions: dismissal for failure to enter seasonably.    *Words,* "As soon as may be."

Under G. L. c. 185, § 15; c. 212, § 11, the duty of preparing for the Supreme Judicial Court all papers touching any questions coming before it from the Land Court is placed directly, unequivocally and exclusively on the recorder of that court; from the performance of that duty he cannot be relieved.

A delay from August 17, when a bill of exceptions was allowed in the Land Court, to September 23, when the excepting party for the first time gave directions for preparation of the necessary copies for entry of the case in this court, is not a compliance with G. L. c. 231, § 135, and on a motion that the exceptions be dismissed for want of prosecution, the judge should grant a request for a ruling to the effect that on all the evidence it could not be found that the excepting party had proceeded with due diligence to enter the exceptions in the full court "as soon as may be," even if the delay was caused by the going away on a vacation of counsel for the excepting party and by reason of the fact that in preparing carbon copies for the printing of the record it was found that certain portions of the record had been mislaid in that counsel's office.

An exception to a ruling denying a motion in the Land Court to dismiss exceptions for want of prosecution must be overruled where it appears that, after several continuances of the hearing on the motion over a period of about a month, the exceptions were entered in this court on a day previous to the final hearing on the motion; following *Silverstein* v. *Daniel Russell Boiler Works, Inc., ante,* 137.

Petition, filed in the Land Court on January 17, 1923, for the registration of land in Barnstable.

In the Land Court, the petition was heard by *Davis,* J., by whose order there was entered a decree determining the boundary line for registration. The petitioner alleged exceptions.

In the Land Court, the respondent filed a motion that the petitioner's exceptions be dismissed for lack of prosecution. Proceedings relating thereto are described in the petition. The motion was denied.   The respondent alleged exceptions.

*F. Rackemann,* for the respondent.

*E. I. Smith,* (*F. E. Crawford* with him,) for the petitioner.

RUGG, C.J.   This is a bill of exceptions relating to questions raised in the Land Court on the motion of the respondents that the petitioner's exceptions be dismissed for want of prosecution and failure to enter the same in the Supreme Judicial Court in accordance with the statute.   The pertinent facts as set out in the exceptions are that the decision of the Land Court was filed on February 6, 1925, and that the petitioner's "voluminous bill of exceptions . . . after several hearings, and many changes and additions, was finally allowed on August 17, 1925."   On September 15, 1925, the present motion to dismiss was filed.   It was heard on September 23, 1925.   Further findings of the judge are: "In order to save the labor and expense of having a new copy prepared for the printer in the recorder's office, it was agreed between the recorder and counsel for the petitioner that the latter should present a full carbon copy of the bill of exceptions as allowed.   One of the petitioner's counsel then went away on his vacation, and in preparing the carbon copies it was found that certain portions had been mislaid in his office.   Messages were exchanged between counsel for the petitioner, who was in Boston, and his associate in whose office the missing carbons had been mislaid, but the carbons were not found until the latter returned from his vacation on or about September 16.   Meantime no order had been placed in the recorder's office for certified copies of the record necessary for entry in the Supreme Judicial Court.   Such copies are not made in the recorder's office until the bill of exceptions is ready for print."   The judge entered an order that the "petitioner must forthwith furnish the recorder with the carbon copy of the bill of exceptions as allowed or order a full copy made in the recorder's office, and then at once take the necessary steps to have the certified copies prepared and the bill of exceptions printed."

The hearing was continued to October 9.   Further findings then made were that on September 23 the petitioner for the first time gave directions for preparation of the necessary copies for entry of the case in this court.   Shortly thereafter

the petitioner's counsel tendered to the recorder a carbon copy of the bill of exceptions to be compared with the original in order that the recorder might certify the copy to be correct for printing. The case was continued again to October 21 for further hearing. It then appeared that the petitioner's bill of exceptions had been entered in this court on October 20. Thereupon the motion to dismiss was denied subject to the respondent's exceptions.

The delay from August 17 to September 23 was not in compliance with the statute. The petitioner in his brief states that "In the Superior Court, exceptions, when allowed, are printed on order of the excepting party, and the estimated cost or some proportion thereof is deposited for the purpose. The papers, however, are prepared and sent to the printer and caused to be printed by the clerk of the Superior Court, after proper order has been given. In the Land Court, on the contrary, nothing is done by the Land Court about printing, because that court has no appropriation to defray the cost of printing. The result is that the papers are required by the Land Court to be printed by the parties themselves employing their own printers, not using the originals but copies . . . . The result is that in the Land Court, the parties must first procure copies of the original papers certified by the registrar [recorder] or his employees. Afterwards, on certification by the printers, the printed copies are certified to this Court by the registrar [recorder] as correct copies. This is a practice with which the members of the bar are not in general acquainted, and in this particular instance the petitioner's counsel did not know of it until they were informed by the Judge of the Land Court . . . . Until informed of this practice, they were totally unaware that the papers in the case were to be so prepared and certified." If this is a correct statement of the facts as to the Land Court practice, it is not in accordance with the requirements of the statutes and the decisions of this court. It is doubtful if this statement in the brief of the petitioner reflects the actual practice in the Land Court, for the reason that the judge gave these requests for rulings: "When questions of law are taken directly from the Land Court to the Supreme Judicial

Court on appeal, or exceptions, the duty of preparing the necessary papers, and the making of the required copies, is vested in the recorder. . . . When questions of law are taken directly from the Land Court to the Supreme Judicial Court on exceptions, the excepting party must, as soon as reasonably may be after the exceptions are allowed, give directions to the recorder to prepare the necessary copies and papers, and comply with his demand for prepayment of expenses, if any is made." The actual practice as revealed by this record does not seem to conform to the practice required by the statute. It is provided by G. L. c. 185, § 15, which relates to "Procedure," that "Questions of law arising in the Land Court on any decision or decree may be taken by any party aggrieved directly to the Supreme Judicial Court for revision in the same manner in which questions of law are taken to that court from the Superior Court." Thereby all the provisions as to procedure in this respect governing the Superior Court are adopted. These are set forth in G. L. c. 212, § 11. The duty of preparing all papers for the Supreme Judicial Court touching any questions coming before it from the Land Court is placed "directly, unequivocally and exclusively" on the recorder of that court. From the performance of that duty he cannot be relieved. All this was decided in principle in *De Propper, petitioner,* 236 Mass. 500. No question of appropriation is involved. The Commonwealth makes no appropriation for the preparation by the clerk of courts of papers or copies for presentation of civil cases in this court. That is always at the expense of the party prosecuting the review in this court, save perhaps in some special instances, who must comply with any demand of the clerk for the prepayment of the cost. *Griffin* v. *Griffin,* 222 Mass. 218. *Littlejohn* v. *Littlejohn,* 236 Mass. 326.

The delay between the allowance of the exceptions and the entry of the case in this court was from August 17, 1925, to October 20, 1925. It appears from the findings that the copies in fact were made and the printing done between September 23 and October 20. From August 17 to September 23 the only steps taken by the counsel for the petitioner were to agree with the recorder to furnish a carbon copy of

the exceptions as allowed. This was not done because certain portions of that copy were mislaid in his office and he was away. It is required by G. L. c. 231, § 135, that "Copies and papers relating to a question of law arising in . . . the Land Court . . . shall be prepared by the clerk of the court, and shall thereupon be transmitted to and entered on the docket of the full court . . . as soon as may be after such question of law has been reserved and duly made a matter of record" in the Land Court. Manifestly in this sentence the word "clerk" is used in a generic sense and includes the recorder of the Land Court.

When the case came on for hearing on September 23, 1925, the respondent asked for rulings to the effect that on all the evidence it could not be found that the petitioner had proceeded with due diligence to enter the exceptions in the full court "as soon as may be." That ruling ought to have been given. After September 23 the petitioner complied with the statute in preparing the case for entry to the full court. The respondent excepted to the continuance of the case from September 23 to October 9, and again to October 21. But for a circumstance presently to be mentioned his exceptions in that particular ought to be sustained. It is clear that, as matter of law, on September 23 it was apparent that the petitioner had not complied with the provisions of the statute respecting entry of exceptions in the full court. The facts in this case do not warrant a finding that the petitioner's exceptions were entered in this court "as soon as may be" within the meaning of those words of the statute. The going away on a vacation and the mislaying of portions of the carbon copy do not constitute action as soon as was reasonably possible. We are not dealing here with a petition for late entry under G. L. c. 211, § 11, but with the explicit requirement of G. L. c. 231, § 135, the relevant words of which have already been quoted. The case at bar is governed on this point by several decisions. *Bentley* v. *Ward,* 116 Mass. 333. *Griffin* v. *Griffin,* 222 Mass. 218. *Loonie* v. *Wilson,* 233 Mass. 420, 424. *Robinson* v. *Donaldson,* 251 Mass. 334. *Silverstein* v. *Daniel Russell Boiler Works, Inc.,* *ante,* 137.

The record shows that the petitioner's exceptions were in fact entered in this court on October 20. It has just been decided in *Silverstein* v. *Daniel Russell Boiler Works, Inc.,* *supra,* that the entry in the full court of exceptions, appeal, or other form of review, deprives the lower court of jurisdiction further to consider the motion to dismiss, and that therefore the order of the judge of the Land Court made on October 21, dismissing the motion, was right although the reasons on which it is based were wrong. The decision being right, it stands although based upon an erroneous ground. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384. For this reason the entry must be

*Respondent's exceptions overruled.*