MARIE A. WRIGHT *vs.* JOHN P. WRIGHT.

Essex.  December 3, 1926. — April 4, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Probate Court,* Appeal: dismissal for failure to enter "as soon as may be."

If the printing of the record for presentation to this court of a reservation and report filed on May 7, 1926, by a judge of probate under G. L. c. 215, § 13, is completed by June 25 but the case is not entered in this court until July 21, the reservation and report must be dismissed.

PETITION, filed in the Probate Court for the county of Essex on December 30, 1925, under G. L. c. 209, § 32, for separate maintenance.

In the Probate Court, *White,* J., under G. L. c. 215, § 13, reserved and reported the case to this court for determination.  In this court the respondent moved to dismiss the reservation and report as described in the opinion.

*W. E. Sisk & R. L. Sisk,* for the respondent, submitted a brief.

*A. B. Tolman,* for the petitioner.

BRALEY, J.  This is a petition for separate support and maintenance brought under G. L. c. 209, § 32.  The judge found and ruled that the petition could not be maintained, and after entering a decree dismissing it, under G. L. c. 215, § 13, reserved and reported the questions of law raised by his findings and rulings for our determination.  "If the petitioner is entitled to maintain her petition, I find, on the evidence, that she is living apart from the respondent for justifiable cause and that an order should be entered" requiring the respondent to pay her monthly a certain sum for her support until the further order of the court.

The reservation and report was filed May 7, 1926, and the case was entered in this court July 21, 1926.  The respondent on November 30, 1926, moved to dismiss, because the petitioner "has failed to prosecute seasonably as required by law."  By G. L. c. 215, § 13, "like proceedings shall be

had" in case of such a reservation and report in the court of probate, "as upon appeal," and therefore it was the duty of the register at the request and expense of the petitioner to prepare and print copies of the necessary papers for the full court which the petitioner was obliged to enter and pay the entry fee "as soon as may be." G. L. c. 215, § 10; c. 231, §§ 135, 144. *Littlejohn* v. *Littlejohn*, 236 Mass. 326; *West* v. *Johnson*, 254 Mass. 161. It appears from the material facts shown by the affidavits of counsel, that, immediately after the filing of the reservation and report, counsel for the petitioner ordered the assistant register, who had charge of such duties, to proceed with the printing. But, because of certain errors in the report, further action by the judge was necessary. The errors were corrected by him and filed with the register sometime after May 20 or May 25, 1926, and copies of the papers were then sent to the printer. They were printed and returned to the register prior to June 25, 1926. While the cost of printing was to be borne by the petitioner, there is no statement that she deposited any money with the register, or that he had been reimbursed. But, the printing having been completed, we assume that the case was ripe for entry on June 25, and the failure of the petitioner to take any action until July 21, 1926, when, upon payment of the required fee the case was entered by the clerk upon the docket of this court, is unexplained.

It follows that, the reservation and report, not having been entered "as soon as may be," must be dismissed. *Griffin* v. *Griffin*, 222 Mass. 218. *Crawford* v. *Roloson*, 254 Mass. 163, 165.

*So ordered.*