JOSEPH GORA *vs.* NEAPOLITAN ICE CREAM COMPANY.

SAME *vs.* STRANGMAN MANUFACTURING COMPANY.

Suffolk.    April 4, 1927.— May 19, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil,* Exceptions: dismissal for failure to enter "as soon as may be."

Where, after the allowance of exceptions in the Superior Court, no order for the printing and preparation of the proper papers is given to the clerk of the court for thirty-five days, there is not a compliance with G. L. c. 231, § 135, and the exceptions must be dismissed, although the reason given by the excepting party for the delay was that the opposing party also was to file a bill of exceptions to the order allowing the exceptions in question and that the two bills were to be entered in this court simultaneously.

TWO ACTIONS OF TORT for personal injuries received by the plaintiff, one of a group of boy scouts, while at the side of Needham Street in Dedham, where he was knocked down and run over when a motor vehicle of the defendant in the first action was passing a motor truck of the defendant in the second action.    Writs dated April 9, 1924, and January 7, 1925, respectively.

In the Superior Court, the actions were tried together before *Dubuque*, J.    There were verdicts for the plaintiff against each defendant in the sum of $8,000.    The defendants alleged exceptions and presented a consolidated bill of exceptions.

In this court, the plaintiff moved that the exceptions be dismissed for failure to enter them "as soon as may be."

The case was submitted on briefs.

*M. C. Taylor*, for the plaintiff.

*D. H. Fulton & K. C. Parker*, for the defendants.

RUGG, C.J.    These cases, included in a single bill of exceptions, come before us on motion by the plaintiff to dismiss the exceptions because not entered by the defendants in this court "as soon as may be" after their allowance, as required

by G. L. c. 231, § 135. The exceptions were allowed on January 15, 1927, and were filed on January 17, 1927. It appeared at the hearing before us that the order for printing and preparation of proper papers was given to the clerk of the court by the defendants on February 21, 1927, thirty-five days after the exceptions were filed. It is assumed that there was no delay after the order to print was given. Manifestly this was not in compliance with the statute. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137. *Mazzuchelli* v. *Seretto,* 254 Mass. 159. *West* v. *Johnson,* 254 Mass. 161. *Crawford* v. *Roloson,* 254 Mass. 163. *Bentley* v. *Ward,* 116 Mass. 333.

The defendants contend that they are excused for their failure to conform to the statutory mandate by these facts: Counsel for the plaintiff contended that the court had no power as matter of law to allow the exceptions of the defendants and moved for their dismissal. This contention and motion were denied by the court and the exceptions of the defendants were allowed. Counsel for the plaintiff then stated that he proposed to file exceptions to this action of the court. Discussion ensued between court and counsel as to the time when this proposed bill of exceptions should be filed and considered. Thereafter counsel for all parties agreed that counsel for the plaintiff should prepare his bill and enter it in this court simultaneously with that of the defendants, and that both be heard at the bar of this court at the same time. This agreement was not in writing. G. L. c. 231, § 72. The plaintiff prepared a bill of exceptions, which was not satisfactory to the other counsel. There was correspondence about the bill but no agreement as to its terms, and finally time elapsed without the allowance of such bill.

These facts do not excuse the defendants from compliance with the mandate of the statute. The statute makes no exceptions. It is peremptory. *Romanausky* v. *Skutulas,* 258 Mass. 190. There was no necessary connection between the bill of exceptions of the defendants and that proposed by the plaintiff. That of the defendants having been allowed, it was at once the duty of the defendants to conform to the

requirements of the statute in order to preserve their rights. That statute was passed in the public interest in order to do away in part with the law's delay and to expedite the final decision of litigation. It is a statute which the court must enforce. *Griffin* v. *Griffin*, 222 Mass. 218. No excuse for failure to observe its mandate is shown. The plaintiff is not estopped from relying upon its terms. The proper course and that required by the statute was for the defendants to enter their exceptions in this court "as soon as may be" after allowance. Hearing might be delayed in this court to await the seasonable entry of exceptions of the plaintiff reasonably prosecuted. But that fact cannot cut down the force of the statute. To the same effect in principle is *Massachusetts Drug Co.* v. *Bencks*, 256 Mass. 535.

*Exceptions dismissed.*