BUILDING INSPECTOR OF SALEM *vs.* GEORGE GAUTHIER
& others.

Essex.   March 8, 1927. — May 21, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Equity Pleading and Practice,* Appeal: dismissal for failure to enter forthwith, report of material facts.

The allowance of a motion to dismiss an appeal from a final decree in a suit in equity because it was not entered in this court forthwith was warranted where it appeared that the appeal was filed on October 2, 1924; that on October 1, 1924, the defendant by letter had requested the trial judge to report "the material facts found" by him and "all the material evidence in the case"; that there was disagreement as to the form of the report and no report ever was signed by the judge; and that on July 12, 1926, the motion to dismiss the appeal was granted.

A judge who heard a suit in equity cannot be required on application purporting to be made under G. L. c. 214, § 23, to report not only "the material facts found by him," but also "all the material evidence in the case."

MOTION, filed in the Superior Court on July 25, 1924, by the plaintiff in a suit in equity to dismiss an appeal by the defendants from a final decree.

The motion was heard by *Raymond,* J. Material facts are stated in the opinion. The motion was allowed and the appeal was dismissed. The defendants appealed.

*G. C. Richards*, for the defendants.

*W. A. Pew*, City Solicitor, for the plaintiff.

RUGG, C.J.    This case was tried on September 30, 1924, and a final decree was entered on that date.    The defendants claimed an appeal on October 2, 1924.    Since the latter date the defendants have done nothing to enter or render effective their appeal.    On July 21, 1925, and again on February 12, 1926, the plaintiff moved to dismiss the appeal because not entered in this court.    On July 12, 1926, the motion tó dismiss was granted.    The defendants appealed.    The judge made report of the material facts relevant to the appeal from the order dismissing the appeal.    Those facts are that on October 1, 1924, the defendants by letter asked the judge to report "the material facts found" by him and "all the material evidence in the case."    The judge "never made nor entered the report of facts so requested nor any finding or report of facts."    At a subsequent sitting counsel for both parties appeared before the judge with a report which counsel for the defendants desired signed in the form drawn and which the counsel for the plaintiff desired changed.    The judge took the papers but did not sign the report.    The matter was not presented to the judge again until July 12, 1926, when he granted the motion to dismiss without acting upon the draft report, which was again urged on his attention.

The request of the defendants made to the judge was not in conformity to G. L. c. 214, § 23.    By that section the trial judge in equity is required on request seasonably made to file a report of the material facts found by him but he is not required and cannot be compelled to report "all the material evidence in the case."    If a party in an equity suit desires the evidence heard at the trial presented to the full court he must pursue the statutory provisions in that behalf.    But he cannot require the judge to make report of it.    G. L. c. 214, § 24.    *Romanausky* v. *Skutulas*, 258 Mass. 190.    Assuming, without deciding, that the judge was empowered under the law to comply with the request of the defendants, (G. L. c. 214, § 31) his failure to do so affords no excuse for their delay in entering their appeal.    The report of material facts which on seasonable request the trial judge is required to

make under G. L. c. 214, § 23, is not a new or additional proceeding in the case after it has reached its termination by a final decree, but "is in the nature of an extension of the record in the form of a statement in writing of that which was in the mind of the judge when his decision was made." *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. If the defendants had asked simply for a report of the material facts it would have been the duty of the judge to make such report within a reasonable time, unless the nature of the hearing was such that no facts were found. *Fairbanks* v. *Newhall*, 222 Mass. 598. But the defendants did not simply request such report; they combined it with a demand for a report also of "all the material evidence." Having done this they could not delay beyond the time fixed by law for getting the case ready for entry of the appeal. They could have waived the part of their request which was beyond the terms of the statute. Perhaps in other ways they could have made the case ready for entry. If a judge should refuse to comply with a request in conformity to the statute, the law would afford relief to a diligent party. But the defendants did none of these things. They insisted upon a report in a particular form at every time the matter was presented to the judge. The delay here shown well might have been found unwarranted under all the circumstances even if such finding was not imperative. The judge was justified in dismissing the appeal after the lapse of more than twenty months without the case being entered in this court. G. L. c. 214, § 19. *Griffin* v. *Griffin*, 222 Mass. 218. *West* v. *Johnson*, 254 Mass. 161. *Mazzuchelli* v. *Seretto*, 254 Mass. 159. *Crawford* v. *Roloson*, 254 Mass. 163.

*Order dismissing appeal affirmed.*