STANLEY WINTEMBERG *vs.* TURNERS FALLS POWER AND
ELECTRIC COMPANY.

Berkshire.   September 20, 1927. — September 26, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Practice, Civil,* Exceptions: dismissal for failure to enter "as soon as
may be."

A bill of exceptions in the Superior Court for the county of Berkshire was
allowed on June 3. At the end of June or early in July the counsel
for the excepting party, a minor, inquired of the clerk of courts the
expense of printing. On July 14 he was told the cost would be $52,
and he so informed his client's father and next friend, who was a poor
man working three days a week and from his earnings had to support his
family consisting of a wife and four children and save enough to make
up that amount. On August 4, the money was paid to counsel, who
delivered it to the clerk of courts and on August 6 the printing was
ordered. A motion to dismiss the bill of exceptions for failure to enter
it in court as soon as may be under the provisions of G. L. c. 231, § 135,
was allowed. *Held,* that the allowance was proper.

TORT.   Writ dated July 20, 1923.

The action was tried in the Superior Court before *Bishop,* J.
A verdict for the defendant was ordered. The plaintiff
alleged exceptions.

A motion by the defendant that the exceptions be dis-
missed was heard by *Burns,* J., on an agreed statement of
facts. Besides the facts stated in the opinion, were the fol-
lowing:

The plaintiff's attorney desired the information as to the
expense of printing the bill of exceptions because Adam Win-
temberg, the father and next friend of the plaintiff, a minor,
"was a poor man, considerably in debt, and needed time in
order to procure the money with which to pay for the printing
of the bill of exceptions." He "was working three days a
week; out of these earnings he had to support his family,
consisting of a wife and four children, and save enough to
make up the $52 to cover the printing of the bill of excep-
tions."

Upon receipt of information from the clerk as to the cost

of the printing, the plaintiff's attorney, on July 15, 1927, wrote Adam Wintemberg, the plaintiff's father, advising him of the amount necessary for him to procure, and he proceeded to get the money together as soon as he was able, and on August 4, 1927, delivered the money to the plaintiff's attorney, who paid it to the clerk of the Superior Court on the morning of August 6, 1927.

The motion was allowed.   The plaintiff appealed.

The case was submitted on briefs.

*J. A. Baker,* for the plaintiff.

*W. C. Kellogg, F. H. Cande, & F. M. Myers,* for the defendant.

BY THE COURT.   The plaintiff's exceptions were allowed June 3, 1927.   Notice thereof was given by the clerk to plaintiff's counsel June 11, 1927.   Either at the end of June or in the early part of July, 1927, plaintiff's counsel inquired of and was informed by the clerk July 14, 1927, what the approximate expense of printing the exceptions would be. But it was not until August 4, 1927, that the necessary funds were delivered to plaintiff's counsel and paid by him to the clerk August 6, 1927, to defray this expense, whereupon the clerk ordered the exceptions to be printed, which would take about ten days.

It was on this condition of the record that on August 5, 1927, the defendant filed a motion to dismiss the exceptions because the case had not been prepared for transmittal to and entry on the docket of the full court as soon as may be after questions of law had been made matters of record in the court in which the action was pending.   G. L. c. 231, § 135.

It thus appears that there was a delay of two months between the time of the allowance of the exceptions and the date of the defendant's motion to dismiss, for which no justifiable explanation is given.   It is plain that there has been no compliance with the statute, and the case is governed by *Griffin* v. *Griffin,* 222 Mass. 218, *Anderson* v. *Second Society of Universalists,* 259 Mass. 36, *Wright* v. *Wright,* 259 Mass. 74, *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463, *Cunningham* v. *First Bankers Union, Inc.* 259 Mass. 595.

*Order dismissing exceptions affirmed.*