OLD COLONY TRUST COMPANY, executor, *vs.* EMMA K. PEPPER.

Suffolk. December 8, 1927, January 3, 1928. — January 9, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Probate Court,* Appeal: record, dismissal for failure to enter forthwith.

A printed record in this court, on appeal from the allowance in the Probate Court of a motion to dismiss an appeal from a final decree, which contains testimony at the hearing on the motion taken by a stenographer sworn "as commissioner," but omits testimony given by the stenographer, is not an appeal with full report of the evidence under G. L. c. 215, § 12; c. 214, §§ 24, 25.

The allowance in the Probate Court of a motion filed on May 12 to dismiss an appeal, taken on March 9, from a final decree entered on February 24, because of noncompliance with G. L. c. 231, §§ 135, 144; c. 215, § 10, was proper, where it appeared that evidence at the hearing which preceded the final decree had been taken by a stenographer under G. L. c. 215, § 18, that no request had been made of the register of probate to prepare the case for entry in this court or to obtain an estimate of the

cost thereof until the appellant's counsel spoke to him about preparing the record on April 1; that on April 2 such counsel instructed the stenographer to prepare a transcript of the evidence described; that the transcript was completed on May 20 and was delivered to the register of probate shortly thereafter; that on June 6 the register was prepared to give an estimate of the cost of printing; that on June 7 no deposit had been made with the register to defray the expense of printing the record; and that the motion to dismiss was allowed on that day.

PETITION, filed by the executor of the will of Rufus E. Lawrence, late of Chelsea, on September 29, 1926, for instructions as to distribution under the will.

A final decree was entered on February 24, 1927, from which Emma K. Pepper appealed on March 9, 1927. On May 12, 1927, the petitioner moved that the appeal be dismissed.

The motion was heard by *Dolan*, J. Facts found by him in a report filed under G. L. c. 215, § 11, are stated in the opinion. He ruled "that the duty was on the register to prepare the record, to obtain an estimate of the cost of the same including the transcript of the evidence, and to furnish the same to the appellant promptly and to require a deposit sufficient to defray the expense of the same; that the application should have been and was not made to the register within a reasonable time and that the negotiations for transcripts with the stenographer and her delay were not a valid excuse for failure to apply to the register seasonably and to insist upon the preparation of the papers as required in law." The appeal was ordered dismissed. The respondent appealed. The record discloses no formal order for the appointment of a stenographer under G. L. c. 215, § 18. By a document entitled "Addition to Record," filed in this court, it appeared that, after the hearing on the motion was opened, a stenographer was sworn "as commissioner," and that document purported to set out statements and testimony preceding the administering of such oath as well as testimony thereafter, excepting testimony of the stenographer herself as to the preparation of a transcript of the testimony at the hearing on the petition for instructions as to distribution; the testimony of the stenographer was not reported.

*M. W. Cottle & G. F. Tucker,* for the respondent, submitted a brief.

*S. E. Gifford,* for the petitioner.

RUGG, C.J.   This is an appeal from a decree of the Probate Court of Suffolk County ordering that an appeal taken by the appellant from a final decree, entered on a petition for instructions as to the distribution of an estate to be made under a will, be dismissed.   The judge filed a full report of material facts.   The record as first printed contained no report of the evidence.   Subsequently there was filed in this court what is termed "addition to record" which contained a part of the evidence given in the Probate Court.   The testimony of one material witness, however, was not reported.   It is manifest that this record is not an appeal with full report of the evidence under G. L. c. 215, § 12; c. 214, § 24, 25.   *Romanausky* v. *Skutulas,* 258 Mass. 190.

If it be assumed, but without so deciding, that the "addition to record" is properly before us, there is nothing in it which affords any ground for modifying the report of the material facts found by the judge made under G. L. c. 215, § 11.

These material facts are that the original decree from which the appeal was taken was entered February 24, 1927; the appeal was filed on March 9, 1927.   The appellant made no request to the register of probate to prepare the record of the case for entry in the Supreme Judicial Court or to obtain an estimate of the cost thereof until April 1, 1927, when her counsel first spoke to him about preparing the record. On April 2, 1927, the stenographer was instructed by counsel for the appellant to prepare transcript of all the evidence, which was completed on May 20, 1927.   Shortly thereafter this transcript was delivered to the register of probate.   On June 6, 1927, the register was prepared to give estimate of cost of printing.   On June 7, 1927, no deposit had been made with the register to defray the expense of printing the record. On that date decree was entered dismissing the appeal.

The judge found and ruled in substance that there had been no compliance with the statute which requires that the appeal be entered forthwith.   G. L. c. 231, §§ 135, 144; c. 215,

§ 10. The ruling was right. There is no occasion to discuss further the pertinent questions of law since they have been fully dealt with in recent decisions. *Griffin* v. *Griffin,* 222 Mass. 218. *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137. *Mazzuchelli* v. *Seretto,* 254 Mass. 159. *West* v. *Johnson,* 254 Mass. 161. *Crawford* v. *Roloson,* 254 Mass. 163.

> *Decree of June 7, 1927, dismissing appeal affirmed.*