BERTHA LEBOW *vs.* IDA SNEIERSON & others.

Suffolk. November 26, 1928. — November 26, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice*, Appeal, Proceedings after rescript. *Superior Court*, Jurisdiction.

After this court has ordered dismissed, because not entered forthwith under G. L. c. 214, § 19, an appeal by the plaintiff from a final decree of the Superior Court dismissing a bill in equity, the Superior Court has no power to deal with motions that previous decrees be vacated, and an appeal from a denial of such motions brings no question of law to this court.

BILL IN EQUITY, filed in the Superior Court on June 24, 1927, and afterwards amended.

Proceedings in the Superior Court before *Bishop*, J., are stated in the opinion. The case was submitted on briefs.

*E. B. Goldberg*, for the plaintiff.

*R. Clayton & D. Stoneman*, for the defendants.

RUGG, C.J. This is a suit by an assignee of a lease to enforce certain alleged rights under the lease. The defendants demurred, their demurrers were sustained by interlocutory decrees, and final decree was entered dismissing the bill. The plaintiff appealed to this court. By rescript of this court dated March 9, 1928, it was ordered that the clerk of the Superior Court for the county of Suffolk make the entry, "Appeal dismissed." No opinion was rendered, but the brief statement of reasons was in these words: "The appeal was not entered in the Supreme Judicial Court forthwith within the meaning of G. L. c. 214, § 19. *Griffin* v. *Griffin*, 222 Mass. 218. *Silverstein* v. *Daniel Russell Boiler*

*Works, Inc.* 254 Mass. 137. *Mazzuchelli* v. *Seretto,* 254 Mass. 159. *Crawford* v. *Roloson,* 254 Mass. 163. *Anderson* v. *Second Society of Universalists,* 259 Mass. 36. *Wright* v. *Wright,* 259 Mass. 74. *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463." After rescript the plaintiff moved that the interlocutory decrees sustaining the demurrers and the final decree dismissing the bill be vacated. These motions were denied. Final decree after rescript was entered dismissing the bill. The plaintiff appealed.

No question of law is presented on this appeal. So far as the several motions of the defendants presented any matter for the consideration of the court, they involved no question of law. The Superior Court after final decree had no power to deal with the case in these circumstances. *White* v. *Gove,* 183 Mass. 333. *Morgan* v. *Steele,* 242 Mass. 217, and cases there collected. *Edgecomb* v. *Edmonston,* 258 Mass. 568. There is nothing in *Donovan* v. *Danielson,* 263 Mass. 419, to aid the plaintiff.

On this record, the appeal must be dismissed and the final decree must stand as if there had been no appeal. *Boston, petitioner,* 223 Mass. 36, 37.

*Ordered accordingly.*