BENJAMIN HIRSCH & another *vs.* WOLF GOLDSTEIN.

Suffolk.   December 4, 10, 1928. — December 13, 1928.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Practice, Civil*, Exceptions: dismissal for failure to enter "as soon as may be." *Constitutional Law*, Due process of law.

Failure by the defendant to order the printing of a bill of exceptions saved by him in the Superior Court for twenty-nine days after the allowance of the exceptions warranted a dismissal of the exceptions under G. L. c. 231, § 135.

The Legislature is amply justified in passing any reasonable legislation designed to prevent delay in the administration of justice and to bring litigation to a speedy conclusion.

The provisions of G. L. c. 231, § 135, do not violate art. 12 of the Declaration of Rights of the Constitution of this Commonwealth; and they are constitutional.

CONTRACT.   Writ in the Municipal Court of the City of Boston dated December 22, 1926.

On removal to the Superior Court, the action was tried before *Flynn*, J. There was a verdict for the plaintiff in the sum of $1,318.17. The defendant alleged exceptions.

In the circumstances stated in the opinion, *Cox*, J., ordered the exceptions dismissed. The defendant appealed.

*J. J. Butler*, for the defendant.

*S. A. Dearborn*, for the plaintiffs, was not called on.

RUGG, C.J.  This is an action at law.  A substantial verdict was returned for the plaintiffs.  The defendant seasonably filed a bill of exceptions which was allowed on April 3, 1928.  On May 2, 1928, the plaintiffs moved that the exceptions be dismissed for failure to prosecute and to enter the same "as soon as may be" after the allowance of the exceptions.  This motion was supported by an affidavit to the effect that no order had been given by the defendant to the clerk of the court to prepare the record.  This motion was allowed.  The defendant appealed.

The only question presented by this appeal is whether as matter of law the motion to dismiss rightly could have been granted.  Manifestly it might have been found as matter of fact that proper steps had not been taken to have the exceptions entered "as soon as may be" after their allowance.  G. L. c. 231, § 135.  It must be presumed that the trial court acted upon adequate evidence and found that the defendant in failing to order his exceptions printed within twenty-nine days after their allowance was not acting with reasonable promptness.  The case is governed in every particular by *Griffin* v. *Griffin*, 222 Mass. 218, and many cases following it.  *Crawford* v. *Roloson*, 254 Mass. 163, and cases there collected.  *Gordon* v. *Willits*, 263 Mass. 516, and cases collected.

No argument is required to demonstrate that rights of the defendant under art. 12 of the Declaration of Rights of the Constitution of this Commonwealth have not been impaired.  The Legislature is amply justified in passing any reasonable legislation designed to prevent delay in the administration of justice and to bring litigation to a speedy conclusion.

> *Allowance of motion to dismiss exceptions affirmed.*