SAMUEL DONNELL *vs.* WILLIS C. GOSS, executor.

Middlesex.    May 20, 1929. — May 31, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Probate Court,* Appeal: dismissal for failure to prosecute seasonably.

An appeal from a decree of a probate court was filed seasonably on January 7, the appellant having requested a report of the material facts under G. L. c. 215, § 11, within four days of the entry of the decree. Such findings were filed on January 8, and on January 11 the appellant paid to the register the estimated cost of printing the papers in connection with the appeal. Thereafter, on a date which did not appear, the appellant requested the judge to make additional findings of fact, and the judge assigned such matter for a hearing during the week beginning February 11. On February 8, a motion was filed to dismiss the appeal for failure to prosecute it seasonably. At some time between February 16 and February 28 the judge made the findings requested. The motion to dismiss was heard on February 28 and was allowed, a decree being entered dismissing the appeal. On appeal from that decree, it was *held,* that

(1) The precise date upon which the appellant requested additional findings of fact was not of decisive importance in view of the fact that the judge entertained the request;

(2) It was apparent that the record was not complete on February 8, the date upon which the motion to dismiss was filed; and the appellant could not properly have entered his appeal until the record was completed;

(3) In the circumstances, the appellant should be allowed to print the record as completed forthwith and to enter it in this court "as soon as may be";

(4) The decree dismissing the appeal was reversed.

PETITION, filed in the Probate Court for the county of Middlesex on November 25, 1927, seeking the revocation of a decree previously entered allowing a certain instrument as the will of Susan P. Harrold, late of Melrose.

The petition was heard by *Harris,* J., and by his order was dismissed on December 19, 1928. The petitioner appealed. Proceedings in the Probate Court with respect to the appeal are described in the opinion. The petitioner appealed from a decree thereafter entered by order of the judge dismissing his previous appeal on the ground that it had not been prosecuted seasonably.

*S. H. Donnell,* for the petitioner.

*S. Maylor,* for the respondent.

RUGG, C.J. This is an appeal by Samuel Donnell from a decree of the Probate Court dismissing his appeal from a decree dismissing his petition for the revocation of an earlier decree allowing the will of Susan P. Harrold. The pertinent facts are these: The decree dismissing the petition was filed on December 19, 1928. On the following day the petitioner filed a request for a report of the material facts under G. L. c. 215, § 11. On January 7, 1929, he seasonably claimed an appeal, and on January 8, 1929, the judge filed a report of his findings of fact, although these findings were dated December 17, 1928. On January 11, 1929, the petitioner sent check to the register of probate to cover the estimated cost of printing the papers necessary for the prosecution and entry of his appeal. On February 8, 1929, the present motion to dismiss was filed because the appeal had not been entered "as soon as may be" in this court and the printing of the papers had not been completed. Under date of May 11, 1929, the judge filed findings of fact supplementary to those dated December 17, 1928, and filed on January 8, 1929. These supplementary findings of fact, in substance, are: "Upon dismissing said petition for revocation, I filed a Memorandum of Decision dated December 17, 1928. Thereafter, the appellant re-

quested three additional findings of fact, and I assigned a date for a hearing thereon for some time during the week beginning February 11, 1929. Between February 8 and February 16, counsel conferred with one another by telephone with respect to the suggested changes, and counsel for the appellee stated that he did not assent to the first request, but was willing that it should be made if in my opinion it ought to be made. To the other two, he did assent, but said that he did not care to be personally heard on the question of the suggested changes. Thereupon, at some time between February 16 and February 28, but before the hearing on the motion to dismiss the appeal, which took place on February 28, I agreed to, and did, make the findings requested, and embodied them, in substance, though not in their exact language, in said Memorandum dated December 17, 1928."

Thus it appears that the appealing party seasonably claimed his appeal and immediately made the deposit required to cover the cost of printing, but he thought that the findings of fact were not sufficiently clear to enable him to present fairly to this court the questions of law desired to be raised by that appeal. He therefore requested additional findings of fact. The precise date when this request or motion was made does not appear on the record. That precise date is not of decisive importance because the judge entertained and considered the request or motion. The judge not only assigned a hearing on that request or motion but thereafter, in substance and effect, found that his earlier findings of fact were incomplete and that additional findings were required in order to make them complete and fair to the parties. The hearing on this request and the action of the judge in making additional findings of fact would have been futile if the record was regarded as complete on February 8 when the motion was filed on which the decree here in issue was founded. We think that it is plain from the course of the case in the Probate Court that the record was not complete on February 8, and that it was not regarded as complete by the judge of probate, and that the appellant ought to be allowed forthwith to print the record as completed and as soon as may be to present his appeal to this court.

By this decision no doubt is cast upon the principles of practice and statutory interpretation established by *Griffin* v. *Griffin,* 222 Mass. 218, *Silverstein* v. *Daniel Russell Boiler Works, Inc.* 254 Mass. 137, *Mazzuchelli* v. *Seretto,* 254 Mass. 159, *West* v. *Johnson,* 254 Mass. 161, and *Crawford* v. *Roloson,* 254 Mass. 163. The authority of those cases is not impaired in any degree by this decision. The mandate of the statutes as to speedy entry of appeals in this court cannot be frittered away by excuses for failure to comply with its terms. But a party cannot enter an appeal until the record of the action by the trial judge is complete in essentials so that the controverted questions may be considered intelligently and with due regard to the rights of all parties. The facts in the case at bar are different from any of these and other decisions touching the interpretation of the words "as soon as may be" as applied to the entry of appeals in this court, G. L. c. 215, § 10, c. 231, §§ 144, 135.

*Decree dismissing appeal reversed.*