CASMIR WIAKOWICZ *vs.* STANLEY HWALEK.

Hampden.    September 18, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Exceptions: dismissal for failure to enter "as soon as may be," petition for late entry.

It was proper to grant a motion to dismiss a bill of exceptions, saved by the defendant at the trial of an action at law in the Superior Court, for failure to comply with the provisions of G. L. c. 231, § 135, where it appeared that the exceptions were allowed on June 14, 1929; that on June 27, 1929, the defendant's counsel asked at the office of the clerk of the court for an estimate of the expense of printing the record; that

such estimate did not come to the attention of the defendant's counsel until July 18, 1929; and that up to July 12, the date on which the motion to dismiss had been filed, no order for the preparation and printing of the record had been given.

In view of the above facts and the peremptory phrase of the statute then governing, it was immaterial that the defendant intended in good faith to cause the record to be printed and entered in this court.

The above facts did not establish either an accident or a mistake which would justify the allowance by this court of a petition under G. L. c. 211, § 11, for leave to enter the exceptions late.

TORT. Writ in the District Court of Holyoke dated March 10, 1927.

On removal to the Superior Court, the action was tried before *Weed*, J. There was a verdict for the plaintiff in the sum of $1,083.33, and the defendant alleged exceptions. In the circumstance stated in the opinion, the defendant's exceptions were dismissed, and he alleged an exception to such dismissal.

*R. P. Stapleton*, for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RUGG, C.J. These exceptions relate to the allowance of the plaintiff's motion to dismiss a bill of exceptions filed and allowed touching the trial of the case on its merits. The ground of the motion to dismiss was that the defendant had neglected to take the necessary measures for prosecuting the exceptions. The case at bar is governed by G. L. c. 231, § 135, whereby it is required that exceptions be entered in the full court "as soon as may be after" their allowance. St. 1929, c. 265, §§ 1 and 8, had not become operative at the time of the events here under review.* The motion was heard on the affidavit filed by the defendant and on statements of counsel. The facts as found by the trial judge are that the exceptions were allowed on June 14, 1929, and filed three days later. On or before June 27, 1929, counsel for the defendant asked at the office of the clerk of courts for an estimate of the expense of printing the record. It did not appear definitely when this estimate was prepared and sent, but it did not come

---

* See amended form in St. 1931, c. 219, enacted after this opinion was filed. REPORTER.

to the attention of counsel until July 18, 1929. In the meantime, on July 12 the motion to dismiss was filed and notice thereof was given. Between June 17 and July 12 no order was given to prepare and print the record. It was an immaterial circumstance, in view of the other facts found and the peremptory phrase of the governing statute, that the defendant intended in good faith to cause the record to be printed and entered in this court. Good intentions alone do not constitute compliance with a peremptory statutory mandate to do a specified act. The motion was granted as matter of law on the facts. This ruling was right. It is manifest that reasonable effort was not made to comply with the requirements of the statute. The case at bar is controlled by the authority of numerous decisions. *Griffin* v. *Griffin,* 222 Mass. 218. *Crawford* v. *Roloson,* 254 Mass. 163. *Anderson* v. *Second Society of Universalists,* 259 Mass. 36. *Wright* v. *Wright,* 259 Mass. 74. *Gora* v. *Neapolitan Ice Cream Co.* 259 Mass. 463. *Wintemberg* v. *Turners Falls Power & Electric Co.* 261 Mass. 18. *Old Colony Trust Co.* v. *Pepper,* 262 Mass. 270. *Lebow* v. *Sneierson,* 265 Mass. 116. *Hirsch* v. *Goldstein,* 262 Mass. 358.

The defendant has filed a petition for the late entry of his appeal under G. L. c. 211, § 11, whereby it is provided that, if "by accident or mistake" exceptions have not been duly entered, the full court upon petition filed within one year after the exceptions should have been entered may allow the exceptions to be entered. It was stated at the bar in behalf of the petitioner that the petition was submitted upon the facts disclosed in the bill of exceptions to the allowance of the motion to dismiss. Those facts have already been stated. They do not establish either accident, *Hurley* v. *O'Sullivan,* 137 Mass. 86, 89; *Henderson* v. *Travelers Ins. Co.* 262 Mass. 522, 525; *Chicago, St. Louis & New Orleans Railroad* v. *Pullman Southern Car Co.* 139 U. S. 79, 86; *Fenton* v. *J. Thorley & Co. Ltd.* [1903] A. C. 443, 448, 453, or mistake, *Wheaton Building & Lumber Co.* v. *Boston,* 204 Mass. 218, 226; *Fells's Case,* 226 Mass. 380; *Porter* v. *Spring,* 250 Mass. 83, 86, 87;

*O'Brien* v. *Scandinavian-American Line,* 94 N. J. L. 244, 246, 247, according to the commonly accepted and legal definition of those words.

It may be added that the bill of exceptions has been examined. It presents no substantial or doubtful question of law.

> *Motion to enter appeal late denied.*
> *Exceptions overruled.*