---

Mᴀʀʏ E. MᴄCᴀʀᴛʏ *vs.* Wɪʟʟɪᴀᴍ A. Bᴏʏᴅᴇɴ, conservator.

Plymouth.　March 5, 1931. — March 6, 1931.

Present: Rᴜɢɢ, C.J., Cʀᴏsʙʏ, Pɪᴇʀᴄᴇ, Wᴀɪᴛ, & Sᴀɴᴅᴇʀsᴏɴ, JJ.

*Equity Pleading and Practice*, Appeal: dismissal for failure to prosecute.

A party appealing from a final decree in a suit in equity was required by G. L. c. 231, § 135, as amended by St. 1929, c. 265, § 1, to give to the clerk of the court the order for the preparation of papers for transmission to this court, therein described, within ten days from the filing of such appeal, although the appealing party did not avail himself of the period for appeal granted by G. L. c. 214, § 19, as amended by St. 1929, c. 265, § 5, but filed his appeal on the same day that the decree was entered.

On the same day as the entry of a final decree in a suit in equity in 1930 the plaintiff appealed. Thirteen days later he filed with the clerk an order in writing for the preparation of the necessary papers for the appeal required by G. L. c. 231, § 135, as amended by St. 1929, c. 265, § 1. On the following day, the clerk mailed to him the estimate of the cost of such preparation and three days later the plaintiff remitted the required amount to the clerk and the papers were sent to the printer. Five days thereafter, the defendant moved that the appeal be dismissed for noncompliance with said § 135 as amended. The motion was allowed and the plaintiff appealed. *Held*, that the dismissal was proper.

BILL IN EQUITY, filed in the Superior Court on July 17, 1930.

The suit was referred to a master and was heard on the master's report and exceptions by the plaintiff thereto by *Gibbs*, J., by whose order there were entered an interlocutory decree overruling the exceptions and confirming the report and a final decree dismissing the bill, from which the plaintiff appealed.

Thereafter a motion by the defendant that the appeal be dismissed was allowed by *Collins*, J. The plaintiff appealed from the allowance of the motion and requested a report of the material facts in connection therewith. The request was denied. Plaintiff alleged exceptions to the allowance of the motion to dismiss and to the judge's refusal to report the material facts.

The case was submitted on briefs.

*J. P. Barlow & M. Wilbur*, for the plaintiff.

*W. F. Hallisey*, for the defendant.

RUGG, C.J. A final decree was entered in this suit in equity on October 8, 1930. On the same day the plaintiff filed an appeal from that decree. On October 21, 1930, the plaintiff filed with the clerk a written order for the preparation of the necessary papers for the appeal. On the following day the clerk mailed an estimate of the cost to the plaintiff who remitted on October 25, 1930, and the papers were sent to the printer. On October 30 the defendant filed in the Superior Court a motion for the dismissal of the appeal on the ground that there had been failure to comply with St. 1929, c. 265, § 1. This motion was granted and the plaintiff duly excepted.

It is required by said § 1, amending G. L. c. 231, § 135, that, "In order to carry any question of law from the supreme judicial court when held by a single justice or from any other court to the full court of the supreme judicial court upon appeal, exception, reservation, report or otherwise as authorized by law, the party having the obligation to cause the necessary papers . . . to be prepared shall give to the clerk, recorder, register or other appropriate official of the

court in which the case is pending, within ten days after the appeal or allowance of the bill of exceptions or the determination by the court in which the questions arose of the form of the transmitting order, an order in writing for the preparation of such papers and copies of papers for transmission to the full court." This is a mandatory provision. The word "shall" in a statute commonly imports an imperative order and not a precatory suggestion. There is nothing in its context in said § 1 or in the general purpose of the statute to indicate a legislative intention to use the word in a permissive or directory signification. *Rea* v. *Aldermen of Everett,* 217 Mass. 427, 430. *Milton* v. *Auditor of Commonwealth,* 244 Mass. 93, 94. *Decatur* v. *Auditor of Peabody,* 251 Mass. 82, 88. Said § 1 supplanted the preëxisting requirement that such appeal should be entered "as soon as may be" or "forthwith." G. L. c. 214, § 19. It is inflexible in its terms. It was designed to specify the exact times within which the several steps must be taken. It leaves nothing to the discretion of the court. The previous practice illustrated by *Griffin* v. *Griffin,* 222 Mass. 218, *Crawford* v. *Roloson,* 254 Mass. 163, *Gordon* v. *Willits,* 263 Mass. 516, 520, and *Lebow* v. *Sneierson,* 265 Mass. 116, is no longer applicable. See also *Hirsch* v. *Goldstein,* 265 Mass. 358, and *Wiakowicz* v. *Hwalek,* 273 Mass. 122, 124. The contention of the plaintiff that, because the order was given within the time allowed her for appeal by St. 1929, c. 265, § 5, amending G. L. c. 214, § 19, the appeal was seasonably entered cannot be sustained. The vital date as fixed by said § 1 is the filing of the appeal. The order must be given within ten days after that date regardless of when the appeal might under the law have been taken. *Niosi* v. *Leveroni,* 274 Mass. 115.

The plaintiff filed an appeal from the order of the court allowing the defendant's motion to dismiss. The facts, however, are set out in the bill of exceptions and do not appear on the appeal. Therefore the case has been considered on the bill of exceptions and the appeal is to be dismissed.

Since the exceptions must be overruled it follows that the order of the Superior Court dismissing the appeal from the

final decree must stand and the case is not before us on its merits. The questions which would be raised by that appeal if it were here need not be discussed.

*Appeal dismissed.*
*Exceptions overruled.*